SAMUEL C. GALE *vs.* EMILIA A. TOWNSEND and others, impleaded, etc.

February 13, 1891.

**Action against Partners by Firm Name—Personal Judgment against Partners Served.**—In an action against associates in business by the common name under which they transact such business, as provided in Gen. St. 1878, *c.* 66, § 42, (Rev. St. 1851, *c.* 70, § 38,) an individual judgment against the associates personally served with the summons is not void for want of jurisdiction.

**Same—Effect of Affidavit of Service.**—In such action, the affidavit of the person who served the summons that the persons upon whom he served it (naming them) are members of the firm named in the summons is sufficient to confer jurisdiction over such persons.

Action to determine adverse claims to real property in Minneapolis, brought in the district court for Hennepin county against Ervin D. Townsend and Mary, his wife, and "also all other persons or parties unknown claiming any right, title, estate, lien, or interest in the real estate described in the complaint herein." An answer to the complaint was interposed by Emilia A. Townsend and others, alleging title in themselves as heirs-at-law of Ervin D., who died intestate and leaving no widow, on March 13, 1875. At the trial before *Hooker*, J., it appeared, and the court found, that the premises were formerly owned by John G. Sherburne, against whom the judgment considered in the opinion was entered in the district court for Ramsey county, and docketed in Hennepin county, on November 1, 1858, and who on December 9, 1858, conveyed to Ervin D. Townsend; that under an *alias* execution on the judgment the lands were sold on June 22, 1868, to a purchaser whose title has since vested in plaintiff, and that no redemption was made. On these facts the court ordered judgment for plaintiff, which was entered, and the defendants appealed.

*J. M. Shaw* and *Paige & Hastings*, for appellants.

*Edward C. Gale* and *Benton & Roberts*, for respondent.

GILFILLAN, C. J.[1] In 1858, Morris Lamprey and John W. Hurd brought an action in the district of Ramsey county on a promissory note, the defendants being described in the summons and complaint as "Davison, Perkins & Co., doing business under the common name of Davison, Perkins & Co." The complaint alleged that the defendants, whose individual names are unknown to plaintiffs, are a firm, whose firm and common name was Davison, Perkins & Co. An affidavit of service was made by S. C. Gale, to the effect that he served a true copy of the summons on John G. Sherburne, C. D. Davison, John S. Mann, Irenus Perkins, and Martin Daniels, by giving to each of them, and leaving with each of them, such copy personally, and that he knew each of them to be one of the firm of Davison, Perkins & Co., the within-named defendants. There was no answer; and, after the time for answering expired, the clerk, on the filing of the summons and said affidavit of service, the complaint, and affidavit of no answer, entered judgment against said Sherburne, Davison, Mann, Perkins, and Daniels, "partners as Davison, Perkins & Co." Under this judgment, land of John G. Sherburne was sold. The question is as to the validity of the judgment as against the individual partners served with the summons, the defendant contending that it is, as to them personally, absolutely void for want of jurisdiction over them as individuals; the plaintiff, that, if there be any defect in it, it is at worst but an irregularity.

A minor objection made by the defendants is that the affidavit was no proof that any one of the individuals served was a member of the firm whose style is given in the title to the summons and complaint. The certificate of the sheriff, or affidavit of the other person serving the summons, that the person served is the defendant, must, of necessity, be taken, *prima facie* at least, as establishing the fact for the purpose of jurisdiction. No other way of establishing the fact for that purpose is prescribed or contemplated by the statute. The statute providing for bringing an action against partners or associates doing business under a common name provides that process may be served on one or more of the associates. How is the fact that a

---

[1] Vanderburgh, J., took no part in this decision.

person served is one of the associates to be made to appear to the court, to enable it to go on, except by the proof of service which the statute prescribes,—by the certificate of the officer or affidavit of the person making the service? The affidavit was sufficient.

On the chief objection to the judgment, we are referred to Rev. St. 1851, *c.* 70, § 38, as follows: "When two or more persons associated in any business transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the process in such case being served on one or more of the associates; and the judgment in the action shall bind the joint property of all the associates in the same manner as if all had been named defendants, and had been sued upon their joint liability. Any one of the joint associates may also be sued for the obligation of all." This, in a modified form, is section 42, *c.* 66, Gen. St. 1878. And section 91 of said chapter 70, (substantially the same as section 126 of said chapter 66,) as follows: "When the plaintiff is ignorant of the name of a defendant, such defendant may be designated in any pleading or proceeding by any name; and, when his true name is discovered, the pleading or proceeding may be amended accordingly." The appellants' claim is that the court rendering the judgment had not jurisdiction to render it, or to render any except one against the associates by their common name. Of course, the subject-matter was within the general jurisdiction of the court. It could render the judgment it did render if it had jurisdiction of the persons against whom it rendered it. When a court has acquired jurisdiction over the persons of the defendants, a judgment against them, though not that asked for in the complaint, may be erroneous or irregular, but cannot be void if the matter of it be within its jurisdiction. Thus, if the complaint asked for only a judgment collectible out of the joint property, and the court, having full jurisdiction over the persons of the defendants, should render a general judgment against them, which it could have rendered had it been asked for, it might be error, but the judgment, until reversed, would be good. It is no objection, therefore, to this judgment, in a collateral action, that the complaint asked for only a judgment which could be enforced against the joint property,—a

judgment against the defendants by their common name,—provided the court had jurisdiction in the action of the persons of the defendants. And whether it had jurisdiction of their persons depends on whether, having been personally served with the summons, each of them so served is to be deemed individually a defendant in the action. The appellants claim that the action provided for in section 38 was not an action against the individuals composing the firm or association, but against the firm or association as such,—against it as a sort of entity,—like an action against a corporation, which is not one against the individual stockholders, and to which they, though interested in its result, are not parties. But there is nothing in the section to indicate an intention to give to an association, not incorporated, capacity to be sued as a person. "The associates [not the association] may be sued by such common name." They (not it) are the defendants. It is true, the judgment against them by the common name cannot reach their separate property. The reason for that provision is the substituted service allowed. Each of the associates in their joint business, and with respect to their joint liabilities and property, is deemed the agent of all, with authority to defend their joint interests; but he is not the agent of any associate with respect to the latter's separate interests or property. A judgment against the associates individually, collectible out of their separate property, upon such substituted service, would be, as to those not personally served, without service; for the substituted service extends no further than to uphold a judgment collectible out of the property which the one served is deemed to represent. But they are all defendants, though described, not by their individual names, but by the common name; and, when they are all brought in by personal service, the jurisdiction of the court over the person of each and all is full and complete to render such judgment against them as their joint liability will justify. In such case the court might order the summons and complaint amended by inserting the individual names of those so brought in, in place of the common name by which they were previously designated; and, regularly, that ought to be done before proceeding further against them individually. Had the court in this case ordered the names of those personally served to be inserted in

the proceedings, the jurisdiction acquired by the service would have sustained its order and its judgment against those whose names were so inserted. Such order and insertion would not bring in new defendants, but merely designate those already in by their separate names, instead of by the common name. The jurisdiction to. render the judgment would depend, not on the order inserting the names, but on the service of the summons. So that the entry of judgment against the individual associates served, without inserting their names in the prior proceedings, was at worst a mere irregularity. We have been referred to decisions under statutes similar to ours, but no one of them holds that in an action under such a statute a judgment against the individual associates personally served can be assailed collaterally for want of jurisdiction.

Judgment affirmed.