EDWARD YANISH, Assignee, v. PIONEER FUEL COMPANY.[1]

February 7, 1896.

Nos. 9702—(263).

### Insolvent Corporation—Assignment.

The case of Tripp v. Northwestern Nat. Bank, 41 Minn. 400, followed, to the effect that the insolvent law of 1881 is applicable to private corporations.

### Same—Corporate Seal.

The deed of assignment under the insolvency law was signed by the president and secretary of the corporation, under its corporate seal. *Held*, that the presence of the seal gave rise to a prima facie presumption that it was affixed by the proper authority.

### Insolvency—Passive Preference.

The primary object of the insolvency law of 1881 is a fair and honest division of the insolvent's unexempt property among his creditors, and

[1] Reported in 66 N. W. 198.

passive as well as active fraudulent preferences are forbidden. Yapish v. Pioneer Fuel Co., 60 Minn. 321, followed.

**Action to Remove Cloud—Jury Trial.**

Where the assignee in insolvency brings an action to set aside an execution sale, and to cancel the record of the sheriff's certificate thereof, upon the grounds that the judgment and sale thereunder constituted a preference permitted by the insolvent in favor of one of its creditors, *held*, that in such case the defendant was not entitled to a jury trial; that the gist of the action was to remove a cloud resting upon the title, and thus make the property available as assets for the payment of the insolvent's creditors.

**Insolvency—Deed of Assignment—Terms.**

A deed of assignment in insolvency, which in terms assigns all of the unexempt property of the insolvent for the equal benefit of all his creditors who shall file releases of their demands against the debtor, is sufficient, although the phrase "bona fide" is not contained therein.

Appeal by defendant from a judgment of the district court for Ramsey county in favor of plaintiff, entered in pursuance of the findings and order of Kelly, J. Affirmed.

*Jones & McMurran,* for appellant.

*O. E. Holman,* for respondent.

BUCK, J. The plaintiff is the assignee of the St. Paul Electric Manufacturing & Construction Company. The proceedings were had under Laws 1881, c. 148,[2] and its amendments. The defendant on October 18, 1893, obtained a judgment by default against the insolvent for the sum of $1,395, and this action is brought to set it aside, as a preference given to one of the insolvent's creditors.

The insolvent company was a corporation organized under the laws of this state, and was engaged in the business of manufacturing electric light and power, and furnishing the same to its patrons. The suit was commenced against the company September 25, 1893, by service of summons and complaint; but the complaint was not filed until October 17, 1893,—one day prior to the entry of judgment. On October 27, 1893, the electric company made an assignment for the benefit of its creditors, and the deed of assignment was filed the next day in the office of the clerk of the district court of Ramsey county. On October 27, 1893, the defendant caused an

[2] See G. S. 1894, §§ 4240–4254.

execution to be issued upon its judgment; and the sheriff of Ramsey county levied upon the real estate of the insolvent, sold the same to this defendant, and on December 26, 1893, executed and delivered to it a certificate of sale, which was duly recorded. Before the second trial of this action the parties, by permission of the court, entered into an arrangement whereby the plaintiff deposited in a St. Paul bank a sum of money sufficient to cover the defendant's claim, and the defendant duly quitclaimed all its lien and claim upon the real estate of the insolvent, and the parties further agreed that the deposit in bank should abide the result of this action.

We are asked by the defendant's counsel to review and overrule the case of Tripp v. Northwestern Nat. Bank, 41 Minn. 400, 43 N. W. 60, holding that the insolvent law of 1881 (chapter 148) is applicable to private corporations. No authority is cited, and no good reason suggested, for our doing so. We will state, however, that as a private corporation, at common law, could assign its property in trust for the payment of its debts, and could exercise that right to the same extent and in the same manner as a natural person, unless restricted by its charter or some statutory provision, and make preferences, if it saw fit to do so, we think it a wise policy which brings those corporations within the limitations, restrictions, and privileges of the insolvent law of 1881. The language of that law is broad enough to include private corporations, and, as their right to make such an assignment under it has been repeatedly recognized by this court, it should no longer be deemed an open question.

It is also contended by the appellant that the deed was unauthorized by the stockholders or directors of the insolvent corporation. The complaint alleges that the deed of assignment was duly made by the corporation for the benefit of its creditors, and this deed was admitted in evidence, and shows that it was signed by the president and secretary of the corporation under its corporate seal, and that it was duly acknowledged before a notary public. The presence of the corporate seal gave rise to a prima facie presumption that it was affixed by the proper authority. 4 Am. & Eng. Enc. Law, 243, 244, and cases there cited.

The trial court found the following facts in the case, and they

64 M.—12

are amply sustained by the evidence: "That said St. Paul Electric Manufacturing & Construction Company, and all its officers, and particularly said Henry Martin, who was then secretary of said corporation, and had sole charge of the books and accounts of said corporation, well knew at the time the summons and complaint were served in the action wherein said defendant herein, the Pioneer Fuel Company, was plaintiff, and said St. Paul Electric Manufacturing & Construction Company was defendant, that said St. Paul Electric Manufacturing & Construction Company was then insolvent, and that said debt sued on was due, and that it had no bona fide defense to said action, and that judgment would be taken against said St. Paul Electric Manufacturing & Construction Company in favor of said Pioneer Fuel Company, as in said summons stated, and that nevertheless said St. Paul Electric Manufacturing & Construction Company, and its officers and directors, willfully failed and neglected to take any steps towards and to make an assignment of its property for the benefit of all its creditors until after the judgment was entered in said action above described, and that said Pioneer Fuel Company obtained whatever preference the entry of said judgment gave it over the other creditors of the said St. Paul Electric Manufacturing & Construction Company, above named, solely by reason of the willful failure and neglect of said St. Paul Electric Manufacturing & Construction Company to so assign its property as it might have done." "That said St. Paul Electric Manufacturing & Construction Company, and all its officers, intended, by reason of the facts hereinbefore found, that said Pioneer Fuel Company should obtain and have, by the entry of the judgment aforesaid in its favor, an undue and unlawful preference over all the other creditors of said St. Paul Electric Manufacturing Company; and said Pioneer Fuel Company, by reason of its action in the premises, well knowing at the time said action was begun, and also when said judgment was entered, that said St. Paul Electric Manufacturing & Construction Company was insolvent, intended thereby to obtain such preference over said other creditors." Applying to these facts the test adopted in the action between the same parties [3] the insolvent company must be deemed

[3] 60 Minn. 321, 62 N. W. 387.

to have suffered judgment to be entered against it for the purpose of giving a preference to the defendant over its other creditors. This it is not permitted to do, either by an active participation in proceedings which give a preference, or by remaining passive, and permitting other creditors to succeed in obtaining a preference. The insolvency law has for its primary object the fair and honest division among creditors of the insolvent of his unexempt assets, and forbids passive as well as active fraudulent preferences. This question is so fully discussed in the opinion rendered in the former appeal that we need not enlarge upon it.

The next question arises upon the right of the defendant to a jury trial. This action was not brought for the recovery of money only, or of specific real or personal property. Title to the real estate in question passed to the respondent by virtue of the deed of assignment, and the defendant's judgment, and its sale of the property under the execution issued on the judgment, constituted a cloud upon the respondent's title to the property; and he had a right to invoke the equitable power of the court to remove the cloud of an apparent lien of the judgment, set aside the sheriff's sale, and cancel the sheriff's certificate. Such an action is not triable by a jury. Although the practical result would be the recovery of the property, yet the gist of the action is to get rid of a cloud resting upon the title, and thus make the property available as assets for the payment of the insolvent's creditors.

Appellant also contends that the trial court erred in excluding the evidence of the secretary of the insolvent company as to whether he intended to give the defendant a preference by not putting in an answer to the complaint of the defendant in its suit against the insolvent. Conceding that this was error, it was cured by the subsequent evidence of the same witness, given without objection, to the effect that he had no intent either way upon the subject. This evidence was not contradicted by any oral testimony. Thus, the appellant had all the benefit of the witness' testimony upon the subject which it was possible for it to secure, even if it had been previously admitted. But, if he had no active intent one way or the other, such passiveness upon his part could not, of itself, overcome the intentional preference which might be properly inferred from his acts, and which, unexplained, constituted a pref-

erence. It is the results which flow from an insolvent's acts by which he is to be judged as to his intended preference, as well as by his silence when he ought to speak, or by his open assertion of intent. His acts may belie his asserted intention, and be more potent, although testimony as to his intent is admissible. See Penney v. Haugan, 61 Minn. 279, 63 N. W. 728.

Another point raised by the appellant is that the deed of assignment does not, in terms, make an assignment of all of his unexempt property for the equal benefit of all his bona fide creditors who shall file releases of their demands against the debtor, as provided by the amendment to the insolvent law. Laws 1895, c. 66. The deed of assignment is for the benefit of all creditors, to be paid in full, if there are sufficient funds. This would include bona fide creditors, and fraudulent creditors should not be allowed their claims, in any event. The phrase "bona fide," in the amendment of 1895, does not add anything to the law as it existed before the passage of that amendment.

Other questions are raised by the assignment of errors, which we have carefully examined, but consider without merit, and the judgment of the trial court is affirmed.