A. W. DIMOND v. MINNESOTA SAVINGS BANK.[1]

December 3, 1897.

Nos. 10,755—(103).

Complaint—Action against Association—Parties—G. S. 1894, § 5177.

G. S. 1894, § 5177 (providing that, when two or more persons are associated in business under a common name, they may be sued by such name), construed, and *held*, that it is not necessary to state the individual names of the associates in the complaint, and that the complaint herein states a cause of action.

Appeal by plaintiff from an order of the district court for Ramsey county, Kelly, J., sustaining a demurrer to the complaint. Reversed.

*Alva R. Hunt* and *Jos. R. Blackwell*, for appellant.

*James E. Trask* and *E. D. Tittmann*, for respondent.

START, C. J.

The complaint purports to set forth a cause of action against certain parties to the plaintiff unknown, who were associated and doing business under the common name of the Minnesota Savings Bank; that he deposited in the bank conducted by such associates certain money, which has not been repaid; and demands judgment against the Minnesota Savings Bank and each of the defendants for the amount thereof. The summons and complaint were served upon Max Toltz. The proof of service states that he is a defendant in the action. He appeared in the action, and interposed a demurrer, which was in these words:

"Max Toltz, by Edward D. Tittmann, his attorney, demurs to the complaint on the following grounds: (1) On the ground that the complaint does not state facts sufficient to constitute a cause of action; (2) on the ground that there is a defect of parties defendant, in that the complaint does not name this or any other person as a defendant herein."

The plaintiff appealed from an order sustaining the demurrer. The demurrer was sustained on the ground that Toltz was not

[1] Reported in 73 N. W. 182.

named in the complaint; hence it did not state a cause of action against him or any individual associates not named. This is one of the principal grounds here urged in support of the order sustaining the demurrer.

It is to be noted that the demurrer does not in terms state that Toltz is one of the defendants, but by appearing generally and interposing a demurrer he conceded that he is one of the defendants; that is, one of the associates who were doing business under the common name of the Minnesota Savings Bank.

The question, then, on this branch of the case is not whether the complaint states a cause of action against him individually, but whether it states facts sufficient to constitute a joint cause of action against certain associates whose names are unknown but whose common name, under which their business is transacted, is known as the Minnesota Savings Bank. An answer to this question involves a construction of G. S. 1894, § 5177, which reads thus:

"When two or more persons associated in any business transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the process in such case being served on one or more of the associates; the judgment in the action shall bind the joint property of all the associates in the same manner as if all had been named defendants."

This is a remedial statute, and must be construed with reference to the mischief and the remedy. At common law it was imperative that a declaration by or against a co-partnership should mention the names of the several partners. 1 Chitty, Pl. 256.

This rule worked no hardship when commercial transactions were limited and the individuals composing a firm were generally known; but, when the number of co-partnerships and associations was multiplied and their business extended, it was not always practicable for persons who dealt with the firm to ascertain the names of the individuals composing it when they wished to enforce their claim.

Hence this statute was enacted to enable creditors to sue the partners or associates by the name under which they transacted their business without naming any of them, and thereby obtain a judgment against them by their common name and levy upon their

joint property.   The statute was intended to enlarge, not to restrict, the common law in regard to suits against co-partners.   It does not permit partners or associates to bring an action in their common name, for they have the means of knowing who the associates are. Again, it does not authorize an action against the association under its common name, but the action must be against the associates or partners by their common name.   "They (not it) are the defendants," and service of the summons upon one or more of the associates confers jurisdiction on the court to award a joint judgment against all of them by their common name, and enforce it against the joint property of all of them.

It follows from this construction of the statute that it is not necessary to name in the complaint any of the associates, for the very object of the statute is to permit an action to be prosecuted against the associates by the name they have assumed and under which they transact their business.   If their names were known it would not be necessary to resort to the statute.

The action under this statute is commenced against the associates by their common name, omitting all reference to them as individuals; the summons issues; and it is the duty of the sheriff to find one or more of the defendants—that is, associates—upon whom to make service, just as much so as it is his duty to find the defendant in any other case.   If his return states that the person upon whom the service is made is one of the defendants, the return confers, prima facie at least, jurisdiction upon the court.   If the person so served is not in fact one of the defendants,—that is, one of the associates,—he cannot raise that question by a general demurrer.   Gale v. Townsend, 45 Minn. 357, 47 N. W. 1064.

The case cited fully sustains our conclusion as to the proper construction of this statute and holds that all the partners or associates are defendants, although described not by their individual, but by their common, name.   It also holds that, when all are brought in by personal service, the jurisdiction over the person is complete, and the court may order the summons and complaint amended by inserting their individual names, and may render a personal judgment against them; that is, one which will bind their individual property.

The complaint in this action unnecessarily alleges a large number of evidentiary facts; but it alleges, in legal effect, that the defendants were associated in the banking business, transacted such business under the common name of the Minnesota Savings Bank, and that the business was carried on in such name for the mutual gain and profit of the associates by and through agents, with the consent and authority of all of them; that the names of the associates are unknown to the plaintiff; that the plaintiff deposited money with the Minnesota Savings Bank, which has never been repaid.

This states a cause of action against the persons, whoever they may be, who are associated in the banking business and transacted their business under the common name of the Minnesota Savings Bank. It was not necessary to name them in the complaint.

The defendant further claims that the evidentiary facts set out in the complaint concerning the history of the Minnesota Savings Bank show that it is a corporation either de jure or de facto; hence the complaint does not state a cause of action. Whether the Minnesota Savings Bank is or is not a corporation of any kind is an important question, which it is unnecessary to discuss or decide on this appeal; for, if the complaint shows it to be a corporation, still the complaint states a cause of action, not against Toltz individually but against the Minnesota Savings Bank. If it be a corporation, and the complaint shows that the cause of action is against it as such, then Toltz, because the summons was served on him, cannot raise by demurrer the question whether the complaint stated a cause of action, any more than an officer of a corporation so served could do.

It is further claimed that the complaint shows a defect of parties defendant on its face, in that Messrs. Stevens and Bickel are not designated as defendants by their individual names. If they are in fact two of the associates they are parties to the action. It was not necessary to name them.

Order reversed.

CANTY, J.

I concur in the result, for the reasons hereinafter stated.

Section 5177 does not contemplate a judgment which binds the

joint property of all the associates and also the individual property of those defendants on whom the summons may happen to be served. If the plaintiff seeks the individual liability of any of the persons jointly liable, he should be compelled to seek the individual liability of all of them. The statute was never intended to allow any such defect of parties as would otherwise result. It is immaterial whether the names of the defendants are known or unknown. The plaintiff may elect to proceed under this section, not resort to the individual liability of the persons jointly liable, and not be embarrassed with the questions which may arise as to who are and who are not proper parties defendant; and, if he does so, the defendants have no right to insist that he shall litigate those questions. Then, if a person appears and defends on the merits, he has no right to say that he is not a proper party defendant, or that others are proper parties defendant, whose personal liability the plaintiff should proceed to enforce. If there is no service of summons except on some one not an associate, the association may appear specially by some one who is and move to set aside the pretended service. But how a person so served must proceed when he disclaims any interest in the association it is not necessary to consider.

Where the plaintiff proceeds under section 5177, any one of the associates out of whose joint property plaintiff is seeking to satisfy his alleged claim has a right to appear and defend that property and their joint rights in the matter. The plaintiff cannot say to an associate who appears for the purpose of defending the association: "You cannot appear and defend the association without incurring the risk of having judgment entered against you on your individual liability, while no such judgment will be entered against the other associates who do not appear." It was never intended by the statute to give the plaintiff any such undue advantage. Then, I am of the opinion that any associate has a right to appear and defend on behalf of the association without rendering himself personally liable, and that, if the plaintiff seeks such personal liability as to a joint associate, he must amend and seek it as to all.

It follows that the demurrer of Toltz does not raise any question as to his personal liability; and therefore it is immaterial, as far as he is concerned, whether the action is against an association or

a corporation. It also follows that the demurrer should have been overruled, because the complaint states a cause of action against the Minnesota Savings Bank; and as regards such cause of action, also, it is immaterial whether the bank is a partnership or a corporation. Jewell v. Grand Lodge, 41 Minn. 405, 43 N. W. 88; Johnston v. Clark, 30 Minn. 308, 15 N. W. 252.

It is true, as said in the case of Gale v. Townsend, 45 Minn. 357, 47 N. W. 1064, that a defendant served in such an action as this is a party to the action; but, on account of the peculiar form of the action, the only relief which can rightfully be had against him is that which reaches his joint interest and rights in the association. If the plaintiff takes personal judgment without amending his proceedings on proper notice, it is quite analogous to a case where the plaintiff brings suit for $100, obtains personal service, and without amending, and without a right to do so, takes judgment for $200.

The judgment is erroneous, but not void, and so the judgment in Gale v. Townsend was held to be.