NOAH D. TAYLOR v. ORDER OF RAILWAY CONDUCTORS.[1]

May 8, 1903.

Nos. 13,341—(16).

**Service of Summons—Fraternal Association.**

> Where a fraternal association has for one of its purposes the insurance of its members in this state, but has no president, officer, or agent therein, the provisions of law relating to service of summons upon corporations are not exclusive, but service in such case may also be made upon any one of the associates within the state at the time, under the provisions of G. S. 1894, § 5177.

Appeal by defendant from an order of the district court for Stearns county, Searle, J., denying a motion to vacate and set aside the service of the summons in the action. Affirmed.

*Calhoun & Bennett, Childs, Edgerton & Wickwire* and *Grimm, Trewin & Moffit,* for appellant.

*Donohue & Stephens,* for respondent.

[1] Reported in 94 N. W. 684.

LOVELY, J.

The summons and complaint in this action were served upon one of the members of the organization known as the "Order of Railway Conductors of America." There was a special appearance, and motion to set aside the service, which was overruled. From this order defendant appeals.

The facts essential to the question thus presented appear in the complaint and affidavits upon which the motion was heard by the trial court. It is set forth in the complaint that the defendant is an association doing business under the name of the "Order of Railway Conductors," and has maintained a mutual benefit department for the purpose of aiding and benefiting disabled members and their families; also for the benefit of any person having an insurable interest in the life of a deceased associate of the order; that two certificates of $1,000 each were issued to a member (since deceased), made payable to plaintiff, as beneficiary. A copy of one of these certificates is attached to the complaint, and made a part thereof, from which it appears that it was issued by the mutual benefit department in the name of the association.

The proof of service of the summons and complaint was made by the affidavit of plaintiff's attorney, wherein, among other things, it appears that the same were served upon the defendant personally by handing to and leaving a copy with Thomas Kelly, at Melrose, in this state, on October 23, 1900, who was well known to affiant to be one of the defendants, and one of the persons associated together and doing business under the name of the association.

Defendant challenged this service by the affidavits of William J. Maxwell and T. J. Kelly. It appears from the affidavit of Maxwell that he was secretary and treasurer of the defendant, and the affidavit states substantially that the order referred to is not a corporation, but a mutual association of persons, with its principal place of business and office at Cedar Rapids, Iowa; that it has no office in the state of Minnesota, and had none at the time of the attempted service; that T. J. Kelly was not an officer or agent of the order; that the order is a voluntary association, composed solely of men engaged as conductors on steam service rail-

ways; that it is a fraternal organization, which has local divisions in several localities; that the mutual benefit department is a separate and distinct organization, except that it is composed of men who, at the time they became members of the mutual benefit department, were also members of the Order of Railway Conductors; that the moneys and accounts of the order and of the mutual benefit department are kept separate; that the local divisions of the order have, no power or authority over the business of the mutual benefit department, or power to transact any business therefor, and that such department has no agents or representatives anywhere except in the state of Iowa; that all business connected with such department is carried on by the grand secretary with its members in the local divisions, and that each member of such department transacts business directly with the grand secretary at Cedar Rapids. The affidavit of Kelly, the person upon whom service was made, states briefly that he is not, and was not at the time of the service, either president or head of the defendant, secretary, director, officer, or agent.

The court held that such service was authorized under the provisions of G. S. 1894, § 5177, which provides:

"When two or more persons, associated in any business, transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the process in such case being served on one or more of the associates."

Upon the issues presented to the court by the affidavits, we conceive the only question for us to determine is whether, upon what appears therein, the court acquired jurisdiction of the defendant, and made it necessary for the latter, in order to protect its rights and avail itself of any substantial defense upon the merits, to answer the complaint therein. We think this question must be answered in the affirmative. We have already held that the affidavit of the attorney making such a service as is set forth in this case establishes prima facie the fact that it was made upon the associates constituting the organization and doing business under its common name. Gale v. Townsend, 45 Minn. 357, 47 N. W. 1064. And that this is a proper method of instituting an action against

the associates of fraternal insurance organizations seems also to be supported by the following decisions of this court: Cornfield v. Order Brith Abraham, 64 Minn. 261, 66 N. W. 970; Diamond v. Minnesota Savings Bank, 70 Minn. 298, 73 N. W. 182. A careful review of the affidavits presented to the trial court does not rebut or contradict the essential facts by which the jurisdiction over the associates was acquired under the statute quoted above.

It was seriously objected on the argument that the copy of the certificate attached to the complaint shows that the mutual benefit department was independent of and distinct from the Order of Railway Conductors, but it appears from the same that it was signed and sealed by defendant association, which imports that it was issued under its authority. Yanish v. Pioneer Fuel Co., 64 Minn. 175, 66 N. W. 198.

The remaining certificate was pleaded according to its legal effect, and it was stated therein that the mutual benefit depart-- ment was maintained by the order. It also seems clear that the relation between the mutual benefit department and the associa-tion against which the suit was instituted ought not to be, and cannot be properly, determined upon affidavits attacking the serv-ice, which go no further than to question the method by which it was effectuated, for such relations between the parties must necessarily be considered upon a hearing arising either in the progress of the suit or upon the attempt to enforce the collection of the amount recovered, if a recovery should be had.

It was further urged upon the argument here that the facts that the defendant had no office in this state, and that Kelly was not one of its agents or officers, did not authorize the service in any other way than as required upon nonresident corporations. There would be force in this view but for the plain terms of the statute we have quoted above which clearly authorizes service upon an associate of any organization doing business under a common name, without any restriction dependent upon the place of its business, the location of its offices, or other conditions, save that the service must be made as therein authorized. There is no claim of fraud in making the service, and no denial that Kelly,

89 M.—15

the person served, was a member of defendant's association, and was within the state at the time. It was admitted in the brief of counsel that the Order of Railway Conductors embraced practically all the conductors in the country, many of whom must have been within this state at the time of the service. .But at least one of them was; hence we must hold that he was a proper person upon whom to make such service, and any difficulties that arise from the change of members or from the trouble of enforcing any proper judgment that may be obtained after hearing, are incidents of the defendant's voluntary action in the conduct of its business, and presumably must have been contemplated by it.

Order affirmed.