## CLARENCE H. VENNER v. GREAT NORTHERN RAILWAY COMPANY and Others.[1]

### May 21, 1909.

### Nos. 15,670, 15,671—(5, 6).

**No Waiver of Appeal.**
    The appeals herein were not waived by the appellant, nor can they be held to be double, in view of the facts stated in the opinion.

1Reported in 121 N. W. 212.

**Service of Summons on Associates.**

> Allegations of the complaint construed, and *held*, that they show that the defendant trustees are carrying on business as associates under a common name, within the meaning of section 4068, R. L. 1905, providing for the service of summons on one or more of such associates.

Action against the Great Northern Railway Company, a corporation of Minnesota, the Lake Superior Company, Limited, a limited copartnership under the laws of the state of Michigan; James J. Hill, Louis W. Hill, and Robert I. Farrington; and James N. Hill, Louis W. Hill, Walter J. Hill, and Edward T. Nichols, as trustees under an agreement of trust, dated December 7, 1906, with Lake Superior Company, Limited, in the district court for Ramsey county to annul that agreement and an agreement between defendant railway company and defendant Lake Superior Company, dated October 20, 1899, and to dispose of the property of the railway company held by the Lake Superior Company. Defendants James N. Hill and Edward T. Nichols appeared specially and separately moved to set aside the service of the summons and complaint, and after the service of an amended summons and amended complaint they moved that the service of these be set aside. From orders, Kelly, J., granting the motions, plaintiff appealed. Reversed.

*Edward B. Graves* and *Wilbur F. Booth,* for appellant.

*William R. Begg,* for respondents.

START, C. J.

The plaintiff appealed from two orders made herein by the district court of the county of Ramsey. One was an order dated May 2, 1907, granting the separate motions of the defendants James N. Hill and Edward T. Nichols to set aside an attempted service on them, respectively, of the original summons and complaint. The other was from an order, dated September 7, 1907, granting the separate motions of the same parties to set aside an attempted service on them, respectively, of the amended summons and complaint. Both appeals involve the same questions, and they were heard in the court together as one appeal. We assume, but only as a basis for the consideration of such questions, that the allegations of fact contained in the com-

plaint and in the affidavits on the part of the plaintiff in opposition to the motions are true.

The plaintiff is a resident of the state of New York and a stockholder of the defendant the Great Northern Railway Company, a Minnesota corporation, hereinafter designated as the "Great Northern." The defendant Lake Superior Company, Limited, is a limited copartnership organized under the laws of Michigan, hereinafter designated as the "Superior Company." Of the defendant trustees, Louis W. Hill and Walter J. Hill are residents of the state of Minnesota, and James N. Hill and Edward T. Nichols are residents of the state of New York.

According to the allegations of the complaint the Great Northern had acquired property, consisting of shares of stock of other corporations, of the aggregate value of $34,000,000, which it was not authorized by its charter to purchase or hold, and which it transferred to the Superior Company to be held by it for the benefit of the Great Northern; the property and the income therefrom to be disposed of by the Superior Company as the Great Northern might direct, and not otherwise. On November 14, 1906, the Great Northern directed the Superior Company to transfer all the property so held by it to the defendant trustees upon the terms and conditions and for the purposes stated in an agreement of trust between the Superior Company and the defendant trustees, dated December 7, 1906, which was duly executed by them, respectively.

This trust agreement, so far as its provisions are here material, purported to vest the legal title to all the property in question in Louis W. Hill, James N. Hill, Walter J. Hill, and Edward T. Nichols, the parties of the second part named therein, and the survivors of them and their successors, in trust, however, for the purposes therein stated. The parties of the second part were given thereby the absolute management, control, and complete power of disposition of the property, and all income and profits thereof for the purpose of the trust, which was to continue during the life of the last survivor of twenty persons named in the agreement and for twenty years thereafter, unless the trust should sooner be determined. In case any trustee should be unable to act for any cause, the other trustees are authorized to exercise all the powers conferred by the

agreement, and in case of the death or resignation of any trustee the other trustees may fill the vacancy. The trust agreement further provides that the trustees shall choose one of their number as president, who shall be the active manager and executive officer in carrying on the business devolving upon the trustees, who is to receive in any event an annual salary of $25,000, which may be increased to $50,000 if the volume of business reaches a specified limit. The other trustees are to receive an annual salary of $10,000. After payment of, or provision made for, all expenses of the trust business, including taxes, the trustees are required at least once a year to distribute and pay such portion of the net income or proceeds of the trust property as they deem proper to the shareholders of the Great Northern registered as such upon its books at the close of business on December 6, 1906; that is, on the day next before the execution of the trust agreement. The trustees organized, by choosing Louis W. Hill as president, upon the execution of the trust agreement, took possession of the property therein described, and have ever since carried on in their names as trustees under such trust agreement the business devolved upon them thereby.

The complaint prays judgment to the effect that the trust agreement is void, that the property which is the subject-matter of the agreement belongs to the Great Northern, and that it be restored to that corporation. The original summons and complaint were duly and personally served on all of the defendants, including the trustees as such, who duly appeared, except the trustees James N. Hill and Edward T. Nichols. Service was attempted to be made on the last-named trustees as such on March 30, 1907, by delivering to and leaving a true copy of the summons and complaint with Louis W. Hill as the president of the trustees. Thereupon they severally appeared specially by the same attorney, and separately moved the court at the same hour to set aside such attempted service. Each motion involved the same question, and neither involved any other question. The motions were heard together without objection, and the trial court made its one order, whereby it granted each motion and set aside such service as to each of the respondents. Neither party made any objection to the form of the order. On October 30, 1907, the plaintiff appealed from the order, but did not specify in

108 M.—5.

his notice of appeal that the appeal was taken as to each respondent from so much of the order as granted his motion. The notice of appeal was directed to the respondents, and each of them, and to the attorney of each. An amended summons and complaint were thereafter served upon the respondents in the same manner as the originals were served, and separate motions were then made by them, respectively, to set aside such service. The motions were heard together in the same manner as were the first motions, and the court made its order whereby it granted each motion and set aside the service as to each of respondents. The plaintiff appealed from this order in the same manner as from the order setting aside the service of the original summons and complaint.

Since the perfecting of both appeals, and on January 11, 1908, the amended summons and complaint were duly and personally served on James N. Hill as one of the trustees under the trust agreement, who thereupon entered a general appearance in the action and demurred to the complaint.

1. The respondents made a motion in this court to dismiss the appeals. It is urged that the appellant has waived his appeals as to James N. Hill and that they now involve only a moot question, because the summons has been personally served upon him and he has appeared generally in the action, and, further, that if the court acquired jurisdiction by the first service there was no need of the subsequent personal service. The fact that the appellant as a matter of precaution availed himself of the opportunity to make personal service of the summons after the first service had been set aside by the district court and after the appeals had been perfected cannot be held to be a waiver of the appeal, or a concession that the first service was insufficient. It is not entirely clear from the record now before us that the question of the sufficiency of the first service may not become material, as the defendants have not answered. Again, the appeals were perfected before personal service was made, and the respondent did not make his motion to dismiss the appeals until some three and a half months after he entered a general appearance in the action. It would seem that, if the respondent was of the opinion that personal service upon him and his appearance in the case rendered the question involved in the appeals a moot one, he should

have promptly moved to dismiss them. However this may be, we are of the opinion that the appeals ought not to be dismissed, either on the ground of waiver or on the ground that they now involve only a moot question.

It is further contended that the appeals are double, and for this reason they must be dismissed as to both respondents. It may be conceded that the notices of appeal were each irregular; but, in view of the facts which we have stated relevant to the motions and appeals, we are of the opinion that the appeals were not double. We base this conclusion upon the special facts of this case, which differentiates it from those cited and relied upon by the respondents. The motion to dismiss the appeals is denied.

2. The merits of the appeals, according to the concession of the respective parties, involve but a single question, namely: Does the record show prima facie that the trustees, under the agreement of trust dated December 7, 1906, are carrying on business as associates under a common name, within the meaning of R. L. 1905, § 4068? The section reads as follows: "When two or more persons transact business as associates and under a common name, whether such name comprise the names of such persons or not, they may be sued by such common name, and the summons may be served on one or more of them. The judgment in such case shall bind the joint property of all the associates, the same as though all had been named as defendants."

This statute has been considered by us in several cases. Gale v. Townsend, 45 Minn. 357, 47 N. W. 1064; Dimond v. Minnesota Sav. Bank, 70 Minn. 298, 73 N. W. 182; Taylor v. Order of Railway Conductors, 89 Minn. 222, 94 N. W. 684; St. Paul Typothetæ v. St. Paul Bookbinders' Union No. 37, 94 Minn. 351, 102 N. W. 725. The cases cited hold that the action authorized by the statute is one against the associates by their common name, and that service of the summons is such that a case may be made on one or more of the associates, and such service gives the court jurisdiction to award judgment which shall bind the joint property of all of them. The reason for such conclusion is that each of the associates in their joint business and in respect to their joint liabilities and property is deemed to be the agent of all, with authority to defend their joint

interest; that the statute is not limited to associates who are co-partners, but includes all persons associated—that is, united and acting by mutual convention—in business, who transact such business under a common name; that the business need not be strictly a commercial enterprise, for the exclusive benefit of the associates; and, further, that the statute is a remedial one, and must be liberally construed, to the end that justice may not be balked in cases within the spirit and scope of the statute as indicated by the language thereof, where personal service of the summons cannot be made within the territorial jurisdiction of the court upon all of the associates.

The record herein shows that the defendant trustees are associated by contract as such in the transaction of a business of great magnitude, and that the legal title and exclusive possession of the property which is the basis of such business are vested in them jointly as trustees, with full power of control and disposition thereof. Then why should not the service of the summons in this case upon one of the associated trustees, especially upon their president, who is the active manager and executive officer in carrying on their business, authorize a judgment binding the property which forms the subject-matter of the business? The respondents answer that they are not associates transacting business within the meaning of the statute, because they are associated together, not by their own act, but by the act of the creator of the trust. They voluntarily, by their written contract, the trust agreement, associated themselves for the purpose of carrying on the business of managing and disposing of the property conveyed to them in trust. If, as alleged, a third party, the Superior Company, set them up in business, by transferring to them the property of another as a basis for the business, it is difficult to see how such fact can affect the question whether they are associates and doing business under the meaning of the statute.

Again, it is contended that the respondents neither act under a common name nor are they sued as trustees under the agreement of trust of December 7, 1906, within the meaning of the statute. As we read the record and construe the statute, this claim is without merit. It is, however, claimed that our construction of the statute renders it unconstitutional, because in this case a personal judgment against the trustees is sought which cannot be supported by substi-

tuted service of the summons. No personal judgment is sought against any individual trustee as such, but only a joint judgment against all the associate trustees as such, each of whom is the agent of all to defend their joint interests. We hold that the statute, as construed, does not violate either the state or the federal constitution.

It follows that the trial court erred in setting aside the service of the summons and the amended summons.

Orders reversed.