FORD MOTOR COMPANY v. OSCAR SYLTE AND OTHERS.[1]

April 13, 1933.

No. 29,208.

*F. H. Peterson,* for appellants.
*James A. Garrity,* for respondent.

DIBELL, JUSTICE.

Action by the plaintiff to recover of the defendants, alleged to be members of the Ulen Farmers Co-operative Association, the amount of a judgment against the association recovered on March 14, 1930. There were findings and judgment for the plaintiff against all the defendants. Two of them, Alfred Wiger and Matt Sather, appeal from the judgment. None of the others do.

[1]Reported in 248 N. W. 55.

■ About July 1, 1921, a number of farmers met at Ulen and formed a voluntary association known as the Ulen Farmers Cooperative Association. •

The by-laws of the association provided for a president and a board of directors. Any person making use of the shipping facilities was permitted to become a member by agreeing to comply with the by-laws. Provisions were made in considerable detail as to shipments and the general conduct of the business. The association if authorized by the board might purchase supplies to be sold to members and nonmembers. Any surplus at the end of the year was to be distributed to members and nonmembers on the basis of purchases.

A voluntary unincorporated association such as this, organized for business and profit, is in the nature of a partnership as far as the liability of its members to creditors is concerned, and each member is individually liable for a debt contracted by the association. 5 C. J. p. 1363, § 97(5) ; Am. Dig. Associations, § 19, et seq; Harris v. Ashdown P. C. Assn. 171 Ark. 399, 284 S. W. 755; Webster v. San Joaquin F. & V. G. P. Assn. 32 Cal. App. 264, 162 P. 654.

The statute does not provide for a voluntary unincorporated association such as the Ulen association. It does provide that when two or more persons transact business as associates under a common name they may be sued by such name, and the summons may be served on one or more of them. G. S. 1923 (2 Mason, 1927) § 9180. In such case the judgment binds the joint property of the associates, that is, the property of the association, but not the individual property of the members other than those served. So here the judgment of March 14, 1930, bound the property of the Ulen association but not the private property of the two defendants appealing but not served with process.

■ This action is brought against the individual members, including the two defendants appealing, and all are alleged to have been members of the association. Its affairs were conducted loosely. They had by-laws and rules and regulations. The two appellants were concededly members in 1921; and at one time or another

each was a director. The trial court finds that they were members throughout and when the debt to the plaintiff was created by the association in 1929. The debt was for coal purchased of the plaintiff in the early part of 1929 and was of the value of $645.76. The evidence sustains the findings and leaves the two defendants liable to the plaintiff along with the other members. It is unnecessary to detail or argue the evidence. It fairly sustains the findings of which complaint is made.

There is some reference in the evidence and in the briefs to an attempted incorporation by some of the members which the court finds was not effective to constitute a corporation de facto. Its finding is sustained and needs no discussion.

Judgment affirmed.