**MINNESOTA WOOD SPECIALTIES, Inc.**
v.
**GEORGE S. MAY CO.**
Civ. A. No. 2506.

United States District Court
D. Minnesota, Third Division.
Jan. 14, 1954.

---

R. J. Leonard of Doherty, Rumble & Butler, St. Paul, Minn., for defendant, in support of motion.

Archie L. Gingold, St. Paul, Minn., for plaintiff, in opposition thereto.

DONOVAN, District Judge.

The above-entitled matter came on for hearing on motion of defendant to set aside service of summons.

This action, commenced in Ramsey County Minnesota District Court, was transferred to this Court for diversity of citizenship.

The issue presented concerns the validity of service. Defendant is a partnership. Service was made by leaving a copy of the summons with the Secretary of State of the State of Minnesota, as provided by 32 Minnesota Statutes Annotated, § 540.152.

Defendant contends that the only means provided for the purpose of effecting the service in the instant case is that set forth in Rule 4.03(b) of the Minnesota Rules of Civil Procedure for the District Courts.[1] Defendant argues that § 540.152 was designed for labor groups only, and that a partnership, being a legal entity, is not within the purport of that statute.

Plaintiff contends that the service complies with 32 Minnesota Statutes Annotated, § 540.152,[2] and that this statute was never intended as class legislation, as claimed by defendant. Plaintiff argues that a partnership is an "association".[3]

From the foregoing it may be stated that the sole issue is whether or not a business partnership is an association within the meaning of said § 540.152. If it is, then service as made complies with Rule 4.03(b). If not, then clearly

1. Rule 4.03(b) reads as follows:
   "4.03. Personal Service. Service of summons within the state shall be made as follows:
   *   *   *   *   *   *
   "(b) Upon Partnerships and Associations. Upon a partnership or association which is subject to suit under a common name, by delivering a copy to a member or the managing agent of the partnership or association. If the partnership or association has, pursuant to statute, consented to any other method of service or appointed an agent to receive service of summons, or if a statute *designates a state official to receive service of summons, service may be made in the manner provided by such statute.*"
   [Emphasis supplied.]

2. Section 540.152 reads in part as follows:
   "540.152 Certain activities or transactions suable
   "The transaction of any acts, business or activities within the State of Minnesota by any officer, agent, representative, employee or member of any Union or other groups *or associations* *  *  * shall be deemed an appointment by such Union or other groups *or associations* of the Secretary of State of the State of Minnesota to be the true and lawful attorney of such Union or other groups *or associations*, upon whom may be served all legal processes or notices in any action or proceeding against or involving said Union or other groups *or associations* *  *  *."
   [Emphasis supplied.]
   Defendant makes no point of the propriety of service on the Secretary of State of Minnesota under proper statutory provision. See: Scorza v. Deatherage, 8 Cir., 1954, 208 F.2d 660; Helgeson v. Barz, D.C.Minn., 89 F.Supp. 429.

3. Citing 21 M.S.A. § 323.02, subdivision 8, of the Uniform Partnership Act defining a partnership as "an association of two or more persons to carry on as co-owners a business for profit", plaintiff also cites: Dimond v. Minnesota Sav. Bank, 70 Minn. 298, 73 N.W. 182, involving construction of Gen.St.1894, § 5177, which statute is substantially the same as 32 M.S.A. § 540.151. Opposing plaintiff's contention in this respect defendant cites the case of St. Paul Typothetae v. St. Paul Bookbinders' Union, No. 37, 94 Minn. 351, 102 N.W. 725.

the purported service does not comply with Rule 4.03(b) because not made upon a member or the managing agent of the partnership. The question is close and doubtful, and the language of the statute is not entirely free from ambiguity.

This Court is bound by the substantive law of the forum in a diversity case.[4] Counsel agree on one thing only, and that is that this is a case of first impression in Minnesota. They frankly assert inability to find cases in point, and the Court has found none. The two Minnesota cases cited by the parties as analogous have to do with an ancient statute presently embodied in M.S.A. § 540.151, supra. In the case cited by plaintiff, the statute was held to permit the commencement of an action against individual partners by use of the partnership name only. In the case cited by defendant the Court held that a defendant Union could not be sued in its association name. Neither case is particularly helpful.

In view of the use of the disjunctive by the enacting body, as emphasized in the quotation of the statute in question (footnote 2, supra), and as the same is related to said sections 323.02, subdivision 8, and 540.151 [5] (referred to in footnote 3, supra), the Court is of the opinion that the service of process in the instant case complies with Minnesota law,[6] for the reason that it is logically tenable that the legislature intended to include the partnership, defined as an association, in said Uniform Act. This satisfies natural justice as well.

The motion to set aside the service of summons must be denied.

It is so ordered.

4. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188; Guaranty Trust Co. of N. Y. v. York, 326 U.S. 99, at page 109, et seq., 65 S.Ct. 1464, 89 L.Ed. 2079.

5. Lack of clarity in a state statute is for the legislature to correct, and is not a

proper function of a federal court. City Co. of New York, Inc. v. Stern, 8 Cir., 110 F.2d 601, 604.

6. Buder v. Becker, 8 Cir., 185 F.2d 311, 315.