## STATE v. BENJAMIN D. RITHOLZ AND OTHERS.

100 N. W. (2d) 722.

January 22, 1960—No. 37,755.

*James T. Hart* and *Lipschultz, Altman, Geraghty & Mulally,* for appellants.

*Miles Lord,* Attorney General, and *Richard W. Johnson* and *Philip Neville,* Special Assistant Attorneys General, for respondent.

MAGNEY, COMMISSIONER.

Defendants are a partnership with its principal place of business in Chicago, Illinois. It is engaged in the business of grinding eye glasses in accordance with the customer's prescription and fitting them into frames. The partnership maintains offices in several states, two in Minnesota. At the instance of the State Board of Optometry, the state brought action to restrain and enjoin defendant partnership from soliciting business by advertisements containing "price advertising," contrary to the laws of the State of Minnesota. Upon motion, the service of the summons and complaint upon an employee of defendant's Winona office was set aside. Thereupon, the summons and complaint

were filed in the office of the secretary of state of the State of Minnesota as service on defendant partnership under the claimed authority of M. S. A. 540.152 (L. 1947, c. 527, § 2, as amended by L. 1955, c. 597, § 2, and L. 1955, c. 820, § 47). Defendant partnership moved the court for an order quashing and setting aside this service on the ground that such service under § 540.152 was void and of no effect since § 540.152 was not a statute designating a method of service on a partnership. The court denied the motion, and this appeal is from such order.

Section 540.152 provides in part:

"The transaction of any acts, business or activities within the State of Minnesota by any officer, agent, representative, employee or member of any union *or other groups or associations* having officers, agents, members or property without the state on behalf of such union *or other groups or associations* or any of its members or affiliated local unions shall be deemed an appointment by such union *or other groups or associations* of the secretary of state of the State of Minnesota to be the true and lawful attorney of such union *or other groups or associations*, upon whom may be served all legal processes or notices in any action or proceeding against or involving said union *or other groups or associations* growing out of such acts, business or activities within the State of Minnesota * * *." (Italics supplied.)

Defendant partnership contends that § 540.152 has no application to a partnership but is limited to labor unions or other labor or employer groups or associations. Where the statute reads "or other groups or associations," defendant would have it read in effect "or other *labor* or *employer* groups or *labor* or *employer* associations." We think that the contention is untenable.

Section 323.02, subd. 8, of the Uniform Partnership Act, defines a partnership as "an association of two or more persons to carry on as coowners a business for profit," so that, as far as the use of the word "association" goes, a partnership qualifies in the applicability of § 540.152.

Defendant argues that L. 1947, c. 527 (M. S. A. 540.151 to 540.154), as amended by L. 1955, c. 597, was enacted as a part of

and in implementation of the Minnesota Labor Relations Act. L. 1947, c. 527, is entitled "An act relating to judicial procedure, parties to actions, and service of judicial process and certain other notices," and the amendment (L. 1955, c. 597) is entitled "An act relating to the suability of certain persons and associations; * * *."

Neither the original act nor its amendment is a part of the Minnesota Labor Relations Act (M. S. A. c. 179), nor is there any reference in the enactments to the provisions of such act. We cannot see how it can be claimed that they are a part of that act. It covers a much broader field.

In Minnesota Wood Specialties, Inc. v. George S. May Co. (D. Minn.) 117 F. Supp. 601, the United States District Court held that § 540.152 authorizes service upon a partnership by leaving a copy of the summons with the secretary of state. The court stated that in its opinion the legislature intended to include a partnership, defined as an association in the Uniform Partnership Act.

Since we are of the opinion that § 540.152 authorizes service on a nonresident partnership, the order of the court must be affirmed.

Affirmed.