Raymond F. ANTIEL, et al., Appellants,

v.

V.W.E. INVESTMENTS, Vorwerk Investments, its general partner, Respondents.

No. C6–84–822.

Court of Appeals of Minnesota.

Aug. 28, 1984.

Ann E. Barclay, William M. Mahlum, P.A., St. Paul, for appellants.

Reid J. Hansen, McMenomy, Sheldon, Dusich & Hansen, Rosemount, for respondents.

Considered and decided by POPOVICH, C.J., and FOLEY and WOZNIAK, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellants appeal the trial court's order dismissing the complaint against defendants Richard Vorwerk and Russell Vorwerk individually and as general and limited partners for lack of personal jurisdiction. The order was based upon insufficient service of process. We affirm.

## FACTS

Plaintiffs sued defendants on contract and fraud claims in connection with real estate investments. The original defendants were V.W.E. Investments, Vorwerk Investments, Richard Vorwerk, individually and as a general and limited partner, and Russell Vorwerk, individually and as a general and limited partner. V.W.E. Investments is a limited partnership; its general partner is defendant Vorwerk Investments and its limited partners are a number of individual investors. Defendant Vorwerk Investments is also a limited partnership; its general partners are Henry Vorwerk and defendant Richard Vorwerk; its limited partner is defendant Russell Vorwerk. Plaintiffs allege that Russell Vorwerk, through his involvement in the operations of the partnership, was a general partner.

On August 23, 1983, defendants moved to dismiss the complaint for lack of jurisdiction. On August 29, 1983, the trial court denied the motion. Defendants renewed their motion, arguing there were insufficient minimum contacts as to Russell Vorwerk and insufficient service of process as to Russell and Richard Vorwerk. The trial court issued its order February 21, 1984, and held defendants Richard and Russell Vorwerk "individually are dismissed for lack of personal jurisdiction." Plaintiffs then brought a motion for clarification and the court, in an order which is the subject of this appeal, held that its earlier order should be read to dismiss defendants individually and as general and limited partners.

Defendants Richard and Russell Vorwerk were served in their capacities as general and limited partners. They were served pursuant to Minn.Stat. § 540.152 (1982) by plaintiffs 1) leaving a copy of the summons and complaint with the Secretary of State, 2) mailing defendants copies of the summons and complaint, and 3) personally serving in Minnesota Paul Vorwerk as agent for V.W.E. Investments and Vorwerk Investments.

## ISSUES

May the personal liability of non-resident individual partners for alleged acts and activities of a partnership be adjudicated by a Minnesota court when the partners have not been personally served?

## ANALYSIS

■ 1. First, appellants argue the first order of the trial court denying the motion to dismiss became the law of the case and the issue of personal jurisdiction should not have been considered in a second motion. We reject this argument. There is nothing in the Rules of Civil Procedure preventing a trial court from reconsidering its own orders upon a proper motion.

2. Respondents Richard and Russell Vorwerk were purportedly served by service upon the Secretary of State pursuant to Minn.Stat. § 540.152 (1982) which states, in pertinent part:

The transaction of any acts, business or activities within the state of Minnesota by * * * any union or other groups or associations * * * without the state * * * shall be deemed an appointment by the union or other groups or associations of the secretary of state of the state of Minnesota to be the true and lawful attorney of the union or other groups or associations, upon whom may be served all legal processes or notices in any action or proceeding against or involving the union or other groups or associations * * *. Such acts, business or activities shall be a signification of the agreement of the union or other groups or associa-

tions and its members that any process or notice in any action, matter or proceeding against or involving it, which is so served, shall be of the same legal force and validity as if served upon the union or other groups or associations and its members personally. * * * The service shall be sufficient service upon the union or other groups or associations and its members.

*Id.*

 The Minnesota Supreme Court held this statute, which explicitly provides the method of service upon unions or other groups or associations, also authorizes service on a *partnership*. *State v. Ritholz*, 257 Minn. 201, 100 N.W.2d 722 (1960). Minnesota law recognizes that jurisdiction over a *partnership* does not confer jurisdiction over a *partner* unless the *partner* is properly served. *See Ford Motor Co. v. Sylte*, 188 Minn. 578, 579, 248 N.W. 55, 56 (1933). The distinction between jurisdiction over a partnership and jurisdiction over the partners is also reflected in Minn.Stat. § 540.15 (1982) which provides persons transacting business as associates and under a common name are subject to suit under such common name but any judgment obtained binds only partnership property.

Minn.Stat. § 540.152 does not provide service of process on partners individually, but only the partnership. Although this section states that service under the section is sufficient upon the association "and its members," this provision relates only to the members as the association itself and not in their individual capacity.

### DECISION

Because service of process was improperly made on Richard Vorwerk and Russell Vorwerk individually, the trial court's order dismissing the complaint as against them was correct.

Affirmed.