**PAGO PETROLEUM PRODUCTS, INC., Plaintiff**

**v.**

**YE AHN MOOLSOAN, LTD., dba POLYNESIAN TRADING COMPANY and RALPH TUIA, Defendants**

High Court of American Samoa
Trial Division

CA No. 70-93

October 19, 1993

Before RICHMOND, Associate Justice, MAILO, Associate Judge, and LOGOAI, Associate Judge.

Counsel:         For Plaintiff, Michael Crew
                 For Defendant Ralph Tuia, Pro Se

Order Denying Motion for Default Judgment:

Plaintiff's motion for a default judgment against defendant Ye Ahn Moolsoan, Ltd. ("YAM"), doing business as Polynesian Trading Company ("PTC"), came regularly for hearing on September 23, 1993. Plaintiff appeared by counsel. Neither named defendant was present.

Plaintiff served the summons and complaint and the notice of the hearing on this motion on defendant Ralph Tuia ("Tuia"), in his individual capacity and as the agent of YAM doing business as PTC. The issue to resolve in deciding the motion is Tuia's agency relationship with YAM.

At this point, the evidence clearly shows that YAM and Tuia conducted business in American Samoa as a partnership, joint venture or some other form of unincorporated association, using PTC as the entity's business name. Service is made on a partnership or other unincorporated association "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant." T.C.R.C.P. Rule 4(d)(3). As such, a partnership may be served by serving a person with substantial authority and responsibility over its activities. *Shakopee Mdewakanton Sioux Community v. Pan American Management*, 616 F. Supp. 1200, 1214 (D. Minn. 1985), *appeals dismissed* 789 F.2d 632 (8th Cir. 1986).

However, service on such representatives is only valid regarding the partnership and does not confer jurisdiction over a partner. Jurisdiction

15

over each partner must be acquired by service on a person or other entity representing the partner for process purposes. *Id*. at 1215 (citing *Olsen v. Puntervold*, 338 F.2d 21, 22 (5th Cir. 1964); *Ford Motor v. Sylte*, 248 N.W. 55, 56 (Minn. 1933); *Antiel v. V.W.E. Investments*, 353 N.W.2d 681, 683 (Minn. App. 1984), *review denied* Minn. Sup. Ct. (Jan. 9, 1985)).

The evidence available also shows that Tuia took an active role in Polynesian Trading. According to the records at the American Samoa Government's Office of Development Planning, the agency regulating the issuance of business licenses, PTC's business license was in his name. As such, the service on Tuia was sufficient regarding both himself and the partnership.

However, YAM and PTC are not identical entities. Ostensibly, YAM is a corporation existing under the laws of the Republic of Korea. Tuia's agency connection with YAM is limited to representations in the promissory note and personal guaranty, which form the basis for this litigation and were signed by Tuia on September 6, 1991. Tuia signed the note as a principal of YAM as the maker of the note. He signed the guaranty as a principal of PTC and agent of YAM. According to Tuia's answer, September 1991 is the month during which Kyu Won Kim, allegedly YAM's owner, permanently departed American Samoa, perhaps leaving his brother in charge of YAM's affairs here for awhile. Apparently, the beginning of PTC's financial difficulties preceded Kim's departure, and these events combined to lead to Tuia's execution of the note and guaranty, at plaintiff's urging. While clearly the YAM/Tuia association did business as PTC, the evidence fails to show that YAM as a separate entity did so.

Under these circumstances, Tuia cannot be recognized as YAM's agent for service of process. The evidence of his authority in this capacity is simply unconvincing. Plaintiff has presented no other evidence establishing that jurisdiction over YAM was accomplished by service on an authorized agent in American Samoa or Korea. Thus, YAM has not been properly served with process or notice of the hearing on this motion.

Because plaintiff has not served YAM, plaintiff's motion for a default judgment must be denied.

It is so ordered.