### McCloskey *v.* Strickland *et al.*

The caption of a petition is to be regarded, in giving the petition a construction,

A petition on a promissory note, executed in the name of a copartnership, against the individual members thereof, which states in the caption the name of the plaintiff, and those of the defendants, describing them as late partners, doing business under the name and style of the co-partnership name, (giving it), and avers that the plaintiff claims of the defendants, the sum of, &c., which he alleges to be due him from the said defendants; and, for cause of such claim, states that the said defendants executed a promissory note to your petitioner, setting out a copy of the note, avers sufficient to fix and show the liability of the defendants as partners.

*Appeal from the Fayette District Court.*

Thursday, December 9.

Petition upon a note, signed "Franklin Strickland &

Co.," headed and commencing as follows : " *H. F. Mc-Closkey* v. *Franklin Strickland* and *Barber English*, late partners, doing business under the name and style of Franklin Strickland & Co. Your petitioner claims of the defendants the sum of, &c., which he alleges to be due him from the said defendants ; and, for cause of such claim, states, that the said defendants executed a promissory note to your petitioner, &c." A copy of the note is contained in the petition. To this petition, there was a demurrer by English, because, *First.* It did not allege that he made and executed the note. *Second.* That it is not averred that he was a member of the firm of Strickland & Co. *Third.* That it did not show any indebtedness from him to plaintiffs. This demurrer was sustained ; the plaintiff non-suited, and he now appeals.

*McClintock*, for the appellant.

*Ainsworth & McGlathery*, for the appellees.

WRIGHT, C. J.—The demurrer in this case should have been overruled. Partners may be sued, either in their partnership name, or by setting forth their individual names, at the option of the plaintiff; Code, section 1690. Plaintiff, in this case, elected to set forth the individual names of the partners. Having done so, does he aver sufficient to fix and show the liability of English, as one of the partners? We think he does, with reasonable and sufficient certainty. His petition commences by setting forth the name of the plaintiff, and the names of the defendants, constituting the late firm of Strickland & Co. He then proceeds to aver that he claims of *these defendants* a certain sum of money, which he alleges to be due him from them ; and the cause of the claim, he then says, is a promissory note, which these defendants executed and made. A copy of the note is given, which is signed, Franklin Strickland & Co. The reasonable meaning of these aver-

ments is, that English was a member of the firm, and that, as such, he made the note, and was indebted to plaintiff thereon. Plaintiff might have used more words—might have averred more definitely, in the body of the petition, that Strickland and English constituted the body of the firm, and made the note as such; but, a fair and natural construction of all the language used, fully shows that he had, against English, (the party demurring,) a substantial cause of action, and more than this is not required. Section 1734. To say that the caption of the petition is not to be regarded, in construing it, would be to recognize a rule not warranted by our system of pleading and practice.

Judgment reversed.