RUBY D. TEMPLE vs. MARY L. NORRIS.

Argued May 8, 1893.   Decided May 19, 1893.

**Service of Summons in a Civil Action.**

A person who has attained the age of fourteen is at years of legal discretion, and *prima facie* is a person of "suitable age and discretion," within the meaning of 1878 G. S. ch. 66, § 59, subd. 4, regulating the manner of the service of a summons in a civil action.

Appeal by plaintiff, Ruby D. Temple, from an order of the District Court of Hennepin County, *Thomas Canty*, J., made September 17, 1892, sustaining a demurrer to her complaint.

Plaintiff owned lot six (6) in block two (2) in Dunsmoor's Rearrangement of the Second Nicollet Avenue Addition in Minneapolis. She mortgaged it November 8, 1890, to John P. Pineo, to secure the payment of $1,300 three years thereafter, with interest payable semiannually. The mortgage provided that, if any installment of interest remained past due and unpaid for sixty days, the principal also should be due and payable. The mortgage also contained a power of sale on default in payment. Pineo assigned the mortgage February 14, 1891, to the defendant, Mary L. Norris. The first in-

stallment of interest was not paid, and on September 1, 1891, the mortgage was foreclosed, and the lot sold by the sheriff under the power, to the defendant for the whole amount secured, with interest and costs.

This action was brought September 3, 1892, to set aside this foreclosure. The plaintiff in her complaint stated that the notice of sale was not served on the person in possession of the mortgaged premises. That the house thereon was occupied by her tenant, A. P. Lyon, and his family. That one Theodore Dahl, a deputy sheriff, on July 30, 1891, at the house, handed a copy of the notice to Fannie Lyon, the tenant's daughter, fourteen years of age, then resident therein. That she was wholly unaccustomed to, and unfamiliar with, business transactions and all legal proceedings. That she was not of suitable age or discretion. That she was then wholly incapable of understanding and comprehending the nature and gravity of the transaction, and did not understand or comprehend the nature or gravity thereof, and that in fact she did not give the notice to said A. P. Lyon, or call his attention thereto.

The defendant demurred to the complaint. The demurrer was sustained, and plaintiff appeals.

*J. F. Keene,* for appellant.

The facts in regard to the manner of service of the notice of foreclosure sale on the occupant of the mortgaged premises, as stated in the complaint and admitted by the demurrer, are sufficient to show that the service contemplated by the statute was not made.

It was not necessary for plaintiff to offer to pay the debt secured, to obtain relief from an invalid foreclosure of the mortgage.

*Stocker & Matchan,* for respondent.

1878 G. S. ch. 81, § 5, provides that this notice shall be served in like manner as a summons in civil actions in the District Court. A summons may be served upon the defendant by leaving a copy at the house of his usual abode with some person of suitable age and discretion then resident therein. 1878 G. S. ch. 66, § 59. This notice was served by leaving a copy at the house upon the premises, with Fannie Lyon, of the age of fourteen years, and a resident therein. A person of suitable age and discretion, upon whom a sum-

mons or notice can be served, need not be accustomed to business or acquainted with legal proceedings.

In her application for relief, the plaintiff must tender payment of the interest due, or show her readiness to pay it.  *Abbott* v. *Peck,* 35 Minn. 499; *Scott* v. *Austin,* 36 Minn. 460; *Hatch* v. *De La Garza,* 7 Tex. 60.

COLLINS, J.   But one feature of the complaint in this action need be considered.   It was therein alleged that the only person upon whom a copy of the foreclosure notice was served was but "fourteen years old, and no more, and was wholly unaccustomed to, and unfamiliar with, business transactions and all legal proceedings, and that she was not of suitable age or discretion; that she was then wholly incapable of understanding and comprehending the nature and gravity of the transaction, and did not understand the nature or gravity thereof."

The statute does not, in terms, require that service shall be made by leaving a copy of the notice with a person accustomed to, or familiar with, business transactions or legal proceedings, or with a person who is capable of understanding and comprehending the nature and gravity of the transaction, or who does understand and comprehend it.   It does require that the person with whom a copy is left, when service is made at the house of the usual abode, shall be of suitable age and discretion.   1878 G. S. ch. 81, § 5, and Id. ch. 66, § 59, subd. 4.

Now it should not be inferred that because the person with whom the copy was left was unfamiliar with, and unaccustomed to, business transactions and legal proceedings, and because she did not understand and comprehend what counsel terms the gravity of the transaction, that she was not a person of suitable age and discretion, within the meaning of the statute.   This same charge might easily be made with regard to many adults, so that the allegation, when analyzed, really amounts to nothing more than charging that because the girl, who was the daughter of the occupant of the mortgaged premises, was but fourteen years of age, she was not of suitable age and discretion.   There is no averment in the complaint that she was not ordinarily intelligent, and in full possession of her faculties, and we must therefore presume that she

was as well informed. and as capable, as the ordinary female of the age of fourteen years. At common law, on the attainment of this number of years, the criminal actions of infants are subject to the same modes of construction as those of the rest of society; for the law presumes them, at those years, to be capable of crime. '1 Hale, P. C. 25; Bac. Abr. "Infancy," A, H. By the terms of our Penal Code, (section 17,) a child of the age of seven, and under the age of *twelve,* years, is presumed incapable of crime, but even this presumption may be removed by proof of sufficient capacity. At common law a female of the age of fourteen is at years of legal discretion, and may choose a guardian. 1 Bl. Comm. 463. By our statute the right to nominate a guardian is conferred upon an infant of the age of fourteen. And the summons in a civil action is to be served upon an infant defendant when fourteen years of age or upwards,—not upon a guardian. These statutory provisions indicate that a person who has attained the age of fourteen is at years of legal discretion, and, it must follow, of suitable age and discretion, in the contemplation of the statute regulating the service of the notice of foreclosure. There is no requirement that the notice must be left in the hands of a person of full age. As the pleading stated Miss Lyon to have been fourteen years of age, and failed to allege that she was not ordinarily intelligent and capable, and in full possession of all her faculties, or to negative in any other manner the presumption before referred to, the demurrer was well taken. Of course the bare averment that she was not a person of suitable age and discretion was a mere conclusion of law.

On the other point argued by counsel, we call attention to *Knappen* v. *Freeman,* 47 Minn. 491, (50 N. W. Rep. 533.)

Order affirmed.

VANDERBURGH, J., took no part in this case.

(Opinion published 55 N. W. Rep. 133.)
v.53M.—19