STATE EX REL. VERN GAY v. DISTRICT COURT OF ST. LOUIS COUNTY AND ANOTHER.[1]

June 4, 1937.

No. 31,346.

*Arthur R. Smythe, Henry G. Middaugh,* and *Daniel P. Keohane,* for relator.

*Benjamin W. Pass,* for respondents.

[1]Reported in 273 N. W. 701.

208

PER CURIAM.

This is a procedure to secure, upon the petition of Vern Gay, a writ of *mandamus* directing the district court of St. Louis county, and the Honorable C. R. Magney, one of the judges thereof, to retain jurisdiction of a cause of action commenced by relator against certain persons, hereinafter referred to as the defendants. An alternative writ was issued and return made thereon.

The action in question was commenced in the above named court and a demand for a change of venue was duly filed. Relator obtained an order to show cause why the defendants in that action should not be enjoined and restrained from changing the venue of the action on the ground that a majority of them had not united in the demand therefor so as to be entitled to the change as a matter of right under 2 Mason Minn. St. 1927, § 9215, the pertinent part of which is as follows:

"If there are several defendants residing in different counties, the trial shall be had in the county upon which a majority of them unite in demanding, * * *."

After a hearing thereon, Judge Magney made an order vacating the order to show cause, and relator then filed this petition.

In the caption of the summons and complaint the parties are named as "Vern Gay vs. Reliance Collection Service, M. E. Hanson, A. Bylund, and Rohwedder and Pass." Hanson and Bylund have each waived their right to demand the change. Reliance Collection Service made the demand, and Rohwedder and Pass filed individual affidavits consenting thereto. It is the claim of relator that "Rohwedder and Pass" is a partnership firm of attorneys being sued in the firm name under 2 Mason Minn. St. 1927, § 9180, and not as individuals, and that therefore the partnership is one defendant only and may be considered only as such in determining whether or not the required majority have united in the demand. It was the view of Judge Magney that Rohwedder and Pass are being sued individually and must therefore be considered as two defendants for this purpose. In our opinion this conclusion was correct.

2 Mason Minn. St. 1927, § 9180, reads in part:

"When two or more persons transact business as associates and under a common name, whether such name comprise the names of such persons or not, they may be sued by such common name, and the summons may be served on one or more of them. * * *"

At common law there was no right to sue a partnership or association in its firm name, it being necessary to name and serve each member individually. Dimond v. Minnesota Sav. Bank, 70 Minn. 298, 73 N. W. 182. It would therefore seem that if a person wishes to take advantage of the statute and maintain an action against a partnership or association in its firm name, it should somewhere appear in the complaint that it is a group of persons doing business under a common name. See Maclay Co. v. Meads, 14 Cal. App. 363, 112 P. 195, 113 P. 364. Of course it is not necessary to name the individual members of the firm if they are being sued in their common business name. Dimond v. Minnesota Sav. Bank, *supra.* But facts should appear in the complaint which entitle the plaintiff to do what is permitted by the statute, *viz.,* sue the defendant named in its firm name.

Whatever relator's intention may have been, we are unable to find anything in the complaint which would force the conclusion that "Rohwedder and Pass" was a firm or group of associates doing business under that name and being sued thereby under the statute. From the allegations it would seem that they are individual defendants. In the second paragraph of the complaint relator alleged that the defendant Reliance Collection Service is a copartnership composed of two or more persons engaged in the collection business. Clearly, that defendant is being sued in its firm name under the statute. In the same paragraph it is alleged, "and the defendants Rohwedder and Pass are attorneys in Duluth for said Reliance Collection Service." In at least one other place Rohwedder and Pass are referred to in the plural as "defendants." This would indicate that they are two defendants and are being sued individually, and Judge Magney was of the view that this was determinative. If it was relator's intention to sue them as a partnership and in a firm name under the statute, there would seem to be no reason why he

did not make the same averments with reference to them as he did with reference to the Reliance Collection Service.

In one other place in the complaint Benjamin W. Pass is referred to as "a member of the firm of Rohwedder and Pass." This is the only indication in the complaint that "Rohwedder and Pass" even is a firm. It will be observed that this is not an allegation that it is a firm and, in any event, would not indicate necessarily that the action is against the firm in its business name rather than against the members individually.

A pleading must be construed as an entirety. Consumers Grain Co. v. Wm. Lindeke Roller Mills, 153 Minn. 231, 190 N. W. 65. And it has been held that the caption is to be considered. McCloskey v. Strickland, 7 Iowa, 259. However, it would seem that the allegations in the body of the pleading should control the caption. See Christy v. Libby, 35 How. Pr. (N. Y.) 119 (affirmed 2 Daly, 418, 5 Abb. Pr. [N. S.] 192). Thus the rule is that the facts alleged in a complaint must determine its legal effect, and not the title given it by the pleader. 49 C. J. p. 116, § 108, note 73.

In the instant case, taking the complaint as a whole, the allegations indicate that the action is against "Rohwedder and Pass" as individuals. This is controlling.

Counsel on both sides have devoted much space in the briefs on the question of whether a partnership or association, sued in its firm name under the statute, is to be considered as only one defendant in determining whether a majority have joined in demanding a change of venue, or whether, for this purpose, each member of the firm or association must be counted as a defendant and allowed to file an affidavit demanding the same. Having concluded that "Rohwedder and Pass" are not being sued by a common business name under the statute, but rather as individuals, it becomes unnecessary to consider this question, and we do not pass on it.

The alternative writ is discharged.