BERGER PETERSON AND ANOTHER v. W. DAVIS & SONS AND OTHERS.[1]

November 12, 1943.

No. 33,511.

---

*E. Luther Melin,* for appellants.
*Gilbert W. Terwilliger,* for respondents.

YOUNGDAHL, JUSTICE.

Plaintiffs appeal from an order permitting defendants to answer after a default judgment had been entered against them. The action is one to recover the balance of a $100 commission claimed to be due plaintiffs for services rendered in connection with the

sale of certain machinery. Plaintiffs claim an oral arrangement to pay them as commission anything which they received in excess of $450. The machinery sold for $600. Plaintiffs contend, therefore, that the commission due them was $150. Defendants have paid them only $50, leaving the balance here sued for.

The defendants named in the complaint were W. Davis & Sons, Warren Alvin Davis, Harold A. Davis, and Raymond Davis. In the original summons filed with the clerk the names of the individual defendants were omitted. Garnishment process was served wherein all the defendants were properly named. On September 10, 1942, summons and complaint in the main action, together with notice of garnishment, were served upon Warren Davis by substituted service upon his wife at his place of residence. On this date garnishment summons was served upon a local bank. On September 30, 1942, Raymond Davis, a minor 20 years of age, was personally served with a copy of the summons, the complaint, and the notice of garnishment. Harold A. Davis was similarly served by leaving a copy of the summons, the complaint, and the notice of garnishment with Raymond Davis on the date last mentioned.

On October 26, the defendants being in default for failure to plead or answer, the court heard plaintiffs' evidence and made its findings of fact, conclusions of law, and order for default judgment. On October 30 an execution was issued and levy made on certain concrete blocks owned by the defendant W. Davis & Sons, a firm composed of the three individual defendants herein. On this date the defendants moved for an order setting aside the judgment and for permission to answer. On December 31 the court made its order permitting defendants to answer, but required that the judgment and levy remain as security pending trial. The appeal is from this order.

All the assignments of error relate to the question of the propriety of the order permitting defendants to answer. Plaintiffs urge that it was erroneously made because the defendants failed to make a proper affidavit of merit; that the omission of the names of the individual defendants in the summons was, at most, an irregularity

subsequently cured by the findings of fact; that proper and sufficient service was made to legally levy upon the firm property to satisfy the judgment; and that no justification or excuse was shown by defendants for failure to answer the complaint. Defendants contend that any defects in the affidavit of merit were cured by the verified answer; that the omission of the names of the individual defendants in the summons rendered the judgment invalid or at least required an amendment by plaintiffs to supply the names; and that the court properly exercised its discretion in permitting the answer.

■ At the hearing of the motion, an affidavit of merit signed by Warren Alvin Davis and a proposed answer in his behalf were submitted to the court. No affidavit of merit or proposed answer was submitted in behalf of either of the other two defendants. The affidavit of merit of defendant Warren Alvin Davis did not comply with District Court Rule 22 (175 Minn. xliv). Such affidavit is not necessary, however, where the proposed answer shows merit and is verified on personal knowledge. People's Ice Co. v. Schlenker, 50 Minn. 1, 52 N. W. 219; Grady v. Maurice L. Rothschild & Co. 145 Minn. 74, 176 N. W. 153. The answer in the instant case was verified on personal knowledge, so if it shows merit the insufficiency of the affidavit would be no bar to defendants seeking the relief prayed for.

■ The principal reason for the court's order permitting defendants to answer is stated in its memorandum in this language:

"To put the matter in a few words, it appears that there is a serious question as to whether the judgment has any validity unless amended and that plaintiffs should have opportunity to move for the amendment. Defendants must be given an opportunity upon this motion to amend and in this particular case the ends of justice may be better accomplished by having a hearing upon the merits."

The court indicated that if the judgment had been valid and regular he would not have permitted defendants to answer, for, the court said:

"If the service of the summons and the judgment were valid and legal without question, the court might be justified in denying the motion for permission to file answer and defend.

\* \* \* \* \*

"As said before, if the judgment is valid and legal, the court would be inclined to deny the petition to reopen, upon several of the points and authorities cited by counsel for plaintiff."

Under the facts disclosed by the record, we believe the validity of the judgment was not affected by the omission from the summons of the names of the individual defendants. Copies of both the complaint and the garnishment notice were attached to the summons when served, and contained the names of all defendants. The summons referred to the individual defendants in the complaint. The judgment was not entered by the clerk without proof, as it might have been. Minn. St. 1941, § 544.07 (Mason St. 1927, § 9256); Thomas-Halvorson Lbr. Co. v. McRell, 165 Minn. 460, 206 N. W. 951. It was proved before the court as a default. The findings of fact included the individual names, and the court found that the defendants were duly served. Defendants' proposed answer admitted the association in business of the three individual defendants named in the complaint. Defendants were not misled by the omission. No prejudice is claimed, nor does any appear from the record. Defendants do not attribute their failure to answer the complaint to this omission. The purpose of the summons is to give the defendants notice that a proceeding has been instituted against them, and unless an answer or other pleading is interposed judgment will be entered. 5 Dunnell, Dig. & Supp. §§ 7802 and 7803; Schultz v. Oldenburg, 202 Minn. 237, 277 N. W. 918. When that purpose has been accomplished the function of a summons has been fulfilled. Although the individual names were omitted, it is evident from the facts in this case that the summons served its purpose. At most, it was an irregularity which did not affect the validity of the judgment. Sievert v. Selvig, 175 Minn. 597, 222 N. W. 281; Plano Mfg. Co. v. Kaufert, 86 Minn. 13, 89 N. W. 1124; Heinrich v. Englund, 34 Minn. 395, 26 N. W. 122; Lee v. Clark, 53 Minn. 315, 55 N. W.

127; Schultz v. Oldenburg, *supra*. It is our conclusion that under the facts here the irregularity of the omission of the names of the individual defendants from the summons was completely cured. An amendment was not required to give validity to the judgment.

■ Assuming that the omission of the names from the summons was such a defect as to require an amendment to validate the judgment insofar as the individual defendants were concerned, this did not justify the court's order giving defendants the right to answer. Plaintiffs had a valid judgment against the firm of W. Davis & Sons, which was named in the summons. The proposed verified answer alleges that W. Davis & Sons (which name appeared in both the summons and complaint) is a firm name and that the defendants in interest are Warren Alvin Davis, Harold A. Davis, and Raymond Davis. Plaintiffs do not seek to establish personal liability against the individual defendants. It is undisputed that the firm property levied upon is valued substantially in excess of the amount of the judgment. If, therefore, the firm was properly served, we need not be concerned with the omission of the individual names from the summons. The claim of defective service upon the defendants Harold A. and Raymond Davis likewise becomes immaterial. The defenses of infancy and nonresidence are personal and of no avail against creditors of a firm who, under the facts here, are entitled to have firm obligations satisfied out of firm assets. Annotation, 58 A. L. R. 1366; Richards v. W. H. Hellen & Son, 153 Iowa 66, 133 N. W. 393; Gay v. Johnson, 32 N. H. 167. We are primarily concerned, then, with the sufficiency of the service upon Warren Alvin Davis as a member of the firm of W. Davis & Sons in order to determine whether plaintiffs are entitled to reach firm property by execution and levy. Minn. St. 1941, § 540.15 (Mason St. 1927, § 9180), provides:

"When two or more persons transact business as associates and under a common name, whether such name comprise the names of such persons or not, they may be sued by such common name, and the summons may be served on one or more of them. The judgment

in such case shall bind the joint property of all the associates, the same as though all had been named as defendants."

Thus it is apparent that individuals operating under a firm name such as W. Davis & Sons may be sued in the firm name by proper service on any member thereof. Dimond v. Minnesota Savings Bank, 70 Minn. 298, 73 N. W. 182; Ford Motor Co. v. Sylte, 188 Minn. 578, 248 N. W. 55; State ex rel. Gay v. District Court, 200 Minn. 207, 273 N. W. 701. In its memorandum, the court indi-cated that the holding in the Gay case requires an allegation in the complaint of such association, and that if such allegation is absent plaintiffs cannot avail themselves of the provisions of the statute. The complaint in this action does not allege the fact of the associa-tion. We observe, however, that the fact does appear in the find-ings and that the proposed verified answer includes such an allega-tion. The fact that the three individual defendants were doing business under the firm name of W. Davis & Sons was undisputed. Therefore, if proper service was had on Warren Alvin Davis, the judgment against the firm was valid and sufficient to bind firm prop-erty. Defendants' contention that the service upon Warren Alvin Davis was defective is without merit. Substituted service was made upon this defendant by leaving a copy of the summons and the com-plaint with his wife at his place of residence. Defendants urge this service to be defective because this defendant's wife did not under-stand the significance of the papers and was not advised to deliver them to her husband. If there has been regular substituted service it is immaterial if defendant does not have actual knowledge there-of. MacLean v. Lasley, 181 Minn. 379, 232 N. W. 632. It is not necessary that the person upon whom substituted service is made shall understand the legal import of the papers. Temple v. Norris, 53 Minn. 286, 55 N. W. 133, 20 L. R. A. 159.

A further reason requiring reversal is that the proposed answer appears to us to be without merit. Plaintiffs claim that when they sold the machinery for $600 they asked the purchaser to deliver the check to defendants. This was done. When they called upon defendants for the $150 commission defendants told plaintiffs

they would have to wait until the check had cleared. Subsequently plaintiffs received a letter from them stating:

"We have not got the return on that check yet but am sending you a check for $50, will be seeing you. (signed) W. Davis & Sons."

In his proposed answer Warren Alvin Davis denied that defendants had retained plaintiffs to sell the machinery, but alleged that plaintiffs did send them a prospective purchaser, to whom defendants sold the machinery, and further alleged that the $50 which defendants voluntarily mailed to plaintiffs more than compensated them for any services they may have rendered. The letter written by defendants tends to establish plaintiffs' theory that defendants were waiting until the check of $600 had cleared before sending them the balance. This letter, considered in the light of Warren Alvin Davis's admission in his answer that plaintiffs had sent a prospective purchaser who bought the machinery, and the allegations in the answer that the services were entirely voluntary and that the $50 was sent to plaintiffs merely as a gratuity, are difficult to reconcile.

As we view the entire record, it indicates to us that defendants were endeavoring to delay, if not entirely to avoid, the payment of a just obligation. If an answer is so bad that it would have to be stricken out on motion, the court is justified in refusing to use it as a basis to open a default judgment. Forin v. City of Duluth, 66 Minn. 54, 68 N. W. 515. We believe this to be such an answer.

Conceding that trial courts have a wide discretion in the matter of relieving parties from defaults, and cognizant of the rule that this court will not interfere unless there has been a manifest abuse of that discretion (3 Dunnell, Dig. & Supp. § 5035, and cases cited), we are compelled to the conclusion that there was a clear abuse of discretion in permitting an answer in the instant case. Courts are naturally and properly inclined to relieve a party from a default if he furnishes any reasonable excuse for his neglect or makes any showing of merit. Defendants here were stirred into action 50 days after the first pleading was served. On that date

they discovered that plaintiffs had located firm property under the execution and levy. Defendants cannot thus be permitted to play "fast and loose." They cannot acquiesce in the judgment and later expect to be relieved from it. Nystrom v. Nystrom, 186 Minn. 490, 243 N. W. 704; National Council v. Canter, 132 Minn. 354, 355, 157 N. W. 586. The record discloses no excuse or justification for failing to answer the complaint in the case at bar. The court in its memorandum frankly concedes that it would be averse to opening the judgment if the service of summons was sufficient to support it. We conclude, therefore, that since there was good and sufficient service at least to bind firm assets for the satisfaction of the judgment and no proper excuse or justification was shown for failing to answer, the order granting defendants the right to answer was not properly made.

■ We do not agree with defendants' claim that the order is not appealable. "Any order of the court which cancels it [the judgment] or modifies its effect, or suspends its operation, or the right of the plaintiff to enforce the same, materially affects the legal rights of the party in whose favor it is rendered," and is appealable. Holmes v. Campbell, 13 Minn. 58 (66), 64; People's Ice Co. v. Schlenker, 50 Minn. 1, 52 N. W. 219.

Order reversed.

Mr. Justice Loring, absent because of accidental injuries, took no part in the consideration or decision of this case.