# DUANE PEARSON v. FLORIAN W. CHMIELEWSKI.

183 N. W. (2d) 566.

January 22, 1971—No. 42944.

*John E. MacGibbon* and *Michael J. Bolen,* for appellant.
*Sydney Berde, Alan W. Weinblatt,* and *Thomas Ryan,* for respondent.

KNUTSON, CHIEF JUSTICE.

This is an appeal from an order of the district court dismissing an election contest for lack of jurisdiction.

At the November 3, 1970, general election, Duane Pearson, appellant, and Florian W. Chmielewski, respondent, were opposing candidates for election to the state senate from the 25th

legislative district. The 25th district is a multicounty district. On November 17, 1970, the State Canvassing Board canvassed the votes for office of state senator from the 25th district among others and declared that Chmielewski was elected to the office by a 14-vote margin. On November 25, Pearson filed a notice of election contest with the clerk of the District Court of Pine County. On the same day, at approximately 3 p. m., a copy of the notice of contest was delivered to the office of the sheriff of Pine County for service upon the contestee. On November 27, two copies of the notice of contest were served upon the secretary of state and on the same day he mailed one copy of the notice by registered mail to contestee. On November 30, personal service was made upon contestee by the sheriff of Pine County.

On December 4, contestee appeared specially in the district court and moved to dismiss the contest on the grounds that service had not been made as required by law and that the court therefore had no jurisdiction of the contest. This motion was granted by the trial court and the present appeal was then taken.

The secretary of state had declined to issue a certificate of election to contestee while the election contest was pending. Due to the urgency of a speedy determination of the contest so that a certificate of election could be issued in time for contestee to take part in the organization of the senate if the trial court was right, we advanced the case for hearing and, having determined that the trial court's order should be sustained, we issued our order on December 31, 1970, directing the secretary of state to issue a certificate of election, with this opinion to follow. As a result, contestee was able to take part in the organization of the senate.

The statutes controlling the contest are Minn. St. 209.02, subds. 2, 3, and 4, which, so far as material here, read:

"Subd. 2. The contestant shall file a written notice of contest specifying the points upon which the contest will be made with

the clerk of the district court of the county in which the candidate whose election is contested resides; * * *

"Subd. 3. The notice of contest shall be filed within ten days after the canvass is completed, except that if the contest relates to a primary election, the time for filing the notice of contest shall be limited to five days. Within the same period copies thereof shall be served upon the candidate whose election is contested and upon the official authorized to issue the certificate of election. * * *

"Subd. 4. Service of the notice of contest shall be made in the same manner as provided for the service of summons in civil actions. In all cases two copies of the notice shall be furnished the official authorized to issue the certificate of election at the time of service upon him, and the official shall send one copy thereof by registered mail to the contestee at his last known address. If the sheriff is unable to make personal or substituted service upon the contestee, then the affidavit of the sheriff to that effect and the affidavit of the official authorized to issue the certificate of election that he sent a copy to the contestee by registered mail to his last known address shall be sufficient to confer jurisdiction upon the proper court to hear and determine the contest."

There seems to be no question that personal service on contestee was not made by the sheriff until November 30, 3 days after expiration of the time provided by statute. Nor was there any affidavit of the sheriff stating that he was unable to make personal or substituted service upon the contestee, or an affidavit of the person authorized to issue the certificate of election that he sent a copy of the notice of contest to the contestee by registered mail at his last known address, executed or filed within the 10-day period after completion of the canvass.

The issues involved are controlled by our decision in Franson v. Carlson, 272 Minn. 376, 137 N. W. (2d) 835, where the requirements of the statutes are fully discussed and many of the cases

involving the subject are collected. Every issue raised here was covered by that opinion excepting only the question of whether it is essential that the affidavit of the sheriff that he had been unable to make personal or substituted service and the affidavit of the secretary of state that he mailed a copy to the contestee be executed and filed within the 10-day period allowed by statute for perfecting the election contest.

In Franson v. Carlson we said (272 Minn. 379, 137 N. W. [2d] 838) :

"It is noticeable that in § 209.02, subd. 4, provision is made for conferring jurisdiction upon the court if the sheriff is unable to make personal or substituted service upon the contestee by the filing of his affidavit to that effect together with the affidavit of the official authorized to issue the certificate of election that he sent a copy of the notice to the contestee by registered mail. *It must follow that in the absence of such affidavits,* and none have been filed in this case, *the court does not acquire jurisdiction by service of the copy by registered mail.*" (Italics supplied.)

The most that can be said in attempting to distinguish Franson from this case is that in Franson the required affidavits were apparently not filed at all, whereas here they were filed at the time of the hearing in the district court—if we assume that the affidavit of the sheriff was sufficient, which arguably is not the case. We need not determine that question because we conclude that the affidavits of both the sheriff and the secretary of state must be executed and filed before the expiration of the 10-day period. As we said in Franson, if personal or substituted service cannot be obtained, jurisdiction can be acquired only by the filing of the required affidavits.

It seems clear that under our scheme of perfecting election contests within a limited time, jurisdiction must be acquired within the 10 days or it is not acquired at all. Personal or substituted service made after that time is of no effect. Neither is

an attempted service by mail, which is a substitute for personal service, unless all the prerequisites of the statute are fully completed before expiration of the specified 10-day period.

We also have before us a motion to remand this case to the district court so that evidence can be taken to show what the sheriff did in attempting to make personal service. Such remand would accomplish nothing inasmuch as we have concluded that in the absence of proof of personal or substituted service within the permissible 10-day period the making and filing of affidavits by the sheriff and the secretary of state within the 10 days allowed for perfecting a contest are prerequisites to the court's jurisdiction. Therefore the motion to remand is denied.

Motion to remand denied and trial court's order affirmed.