## ROBERT V. HOLMEN v. MELVIN J. MILLER.

206 N. W. 2d 916.

April 20, 1973—No. 44121.

*Berde, Leonard & Weinblatt, Alan W. Weinblatt, Borden, Steinbauer & Borden,* and *Thomas Borden,* for appellant.
*Gordon Rosenmeier* and *John E. Simonett,* for respondent.

MACLAUGHLIN, JUSTICE.

This is an appeal from an order denying contestee's motion to dismiss an election contest on the grounds that the trial court does not have jurisdiction over the subject matter or the person of the contestee. We affirm.

At the November 7, 1972, general election contestant, Robert V. Holmen, and contestee, Melvin J. Miller, were opposing candidates for election to the Minnesota House of Representatives from District 12A, which includes Todd County and a part of Morrison County. The State Canvassing Board declared on November 21, 1972, that contestee was elected by a vote of 6,263 to 6,243—a margin of 20 votes. On November 27, 1972, contestant filed a notice of election contest alleging irregularity and mistake in the tabulation of votes. Also, on November 27, a copy of the notice was left with Jean Miller, the 13-year-old daughter of contestee, at contestee's place of usual abode by the Morrison County sheriff, acting through his deputy. Subsequently, contestee moved for dismissal of the contest on the grounds that the

court had neither personal nor subject-matter jurisdiction. On December 11, 1972, the trial court entered its order denying contestee's motion to dismiss.

Contestee advances several arguments in support of his motion. He contends that (a) contestee's 13-year-old daughter was not a person of suitable age and discretion with whom to leave a copy of the notice of election contest; (b) the failure to file proof of service upon the county auditors of Todd and Morrison Counties within 7 days after the canvass was completed deprives the district court of jurisdiction; and (c) the notice of contest does not sufficiently specify the points upon which the contest is based.

The statutes controlling the contest are Minn. St. 209.02, subds. 2, 3, 4, and § 209.03. Insofar as they are pertinent here, they provide as follows:

§ 209.02, subd. 2. "The contestant shall file a written notice of contest specifying the points upon which the contest will be made with the clerk of the district court of the county in which the candidate whose election is contested resides * * *."

§ 209.02, subd. 3. "The notice of contest shall be filed within seven days after the canvass is completed, except that if the contest relates to a primary election, the time for filing the notice of contest shall be limited to five days. Within the same period copies thereof shall be served upon the candidate whose election is contested and upon the official authorized to issue the certificate of election. * * * In all cases where the contest relates to an irregularity in the conduct of the election or canvass of votes a copy of the notice of contest shall also be served within seven days, or five days in the case of a primary, after the canvass is completed upon the county auditor of the county in which the irregularity is said to have existed."

§ 209.02, subd. 4. "Service of the notice of contest shall be made in the same manner as provided for the service of summons in civil actions. In all cases two copies of the notice shall be furnished the official authorized to issue the certificate of election

at the time of service upon him, and the official shall send one copy thereof by registered mail to the contestee at his last known address. If the sheriff is unable to make personal or substituted service upon the contestee, then the affidavit of the sheriff to that effect and the affidavit of the official authorized to issue the certificate of election that he sent a copy to the contestee by registered mail to his last known address shall be sufficient to confer jurisdiction upon the proper court to hear and determine the contest."

§ 209.03. "When the notice of contest questions only which of the parties to the contest received the highest number of votes legally cast at the election, the contestee need not file an answer. For all other election contests or in any contest in which the contestee desires to offer testimony on points not specified in contestant's notice, he shall file and serve on the contestant an answer to the notice of contest. * * * If the contest relates to a primary election service of the answer shall be made within the time fixed by the court, but not exceeding five days after service of contestant's notice upon him; if the contest relates to a general election, service of the answer shall be made within seven days after service of contestant's notice upon him."

1. The first issue raised by contestee is not unique to election contests. Contestee claims that service of the notice of contest upon him was insufficient because it was left at his usual place of abode with his 13-year-old daughter, who he claims is not a person of suitable age and discretion. Section 209.02, subd. 4, provides that "[s]ervice of the notice of contest shall be made in the same manner as provided for the service of summons in civil actions." Personal service of a summons upon an individual in a civil action is governed by Rule 4.03(a), Rules of Civil Procedure, which provides that service shall be made—

"[u]pon an individual by delivering a copy to him personally or by leaving a copy at his usual place of abode with some person of suitable age and discretion then residing therein."

Because the service of the notice upon contestee was made by leaving it with his daughter, the district court has jurisdiction only if the daughter is a person of suitable age and discretion. Contestee has made no attempt to establish that his 13-year-old daughter, Jean, is not a person of suitable discretion,[1] but principally relies upon the contention that a person under 14 years of age should, as a matter of law, be deemed not of suitable age and discretion under Rule 4.03(a).

There is little case law construing the words "suitable age and discretion." We have held that there is no requirement that the person with whom the legal service is left must understand the legal import of the papers. Temple v. Norris, 53 Minn. 286, 55 N. W. 133 (1893); Peterson v. W. Davis & Sons, 216 Minn. 60, 11 N. W. 2d 800 (1943). In Temple v. Norris, *supra,* we held that a person 14 years of age is prima facie a person of suitable age and discretion. Nothing in that opinion, however, held that a person under 14 years of age cannot be a person of suitable age and discretion.

In his argument that a person of 13 is not of suitable age and discretion, contestee principally relies[2] upon the requirement of Rule 4.03(a) that personal service upon an individual defendant under the age of 14 can be made only by serving, in addition to the infant, the mother or father or, under certain circum-

---

[1] He does allege, however, that the fact she received the notice at approximately 8:30 p.m. on November 27, 1972, and that he did not become aware of it until 7 a.m. on November 28, "is some evidence that she was not a person of suitable age and discretion."

[2] Contestee also cites certain statutes to support his argument. For example: The petition of a child over 14 years of age for the appointment of a guardian has priority over the petition of any other person (Minn. St. 525.541); a child under 14 years of age is presumptively incapable of committing a crime (§ 609.055); and a minor child over 14 years of age, although unable to sue in his own name, may petition for appointment of a guardian ad litem of his own choice (Rules of Civil Procedure, Rule 17.02, superseding § 540.06, subd. 2, cited by contestee). We do not find these statutes and rules persuasive on the issue before us.

stances, a guardian or other persons described in the rule.[3] He argues that this requirement logically leads to the conclusion that a person under 14 is not of suitable age for the purpose of leaving process pursuant to Rule 4.03(a), where another individual is the defendant. We cannot accept that contention. There is a substantial difference between serving process on a 13-year-old defendant and leaving process with a 13-year-old for purposes of personal service on another individual living in the same abode. In the first example, the 13-year-old defendant has a responsibility to read and understand the process and to take appropriate action such as retaining counsel and responding to the process. For those reasons it is important that the parent or guardian be aware of the legal proceedings so he can assist the infant in protecting his rights. In the second example, the 13-year-old is merely acting as a conduit for the process; i.e., receiving the process at the individual defendant's usual place of abode. In those circumstances, the 13-year-old does not have to respond personally in any way nor is it necessary for him to understand the nature of the process.

It may well be that a 13-year-old, or for that matter a person of any age, is not a person of suitable age and discretion for the purpose of the rule. However, the burden is upon the defendant, after a proper motion to the court, to prove that fact. The sheriff's certificate in this case contained the statement that Jean Miller, contestee's daughter, was a person of suitable age and discretion. We have held that the sheriff's certificate is prima facie evidence of the allegations it contains and that a defendant has the burden of proving otherwise. Kueffner v. Gottfried, 154 Minn. 70, 191 N. W. 271 (1922). Cf. Murtha v. Olson, 221 Minn. 240, 21 N. W. 2d 607 (1946).

---

[3] Rule 4.03(a), Rules of Civil Procedure, provides that service may be made "[i]f the individual is an infant under the age of 14 years, by serving also his father or mother, and if he have neither within the state, then a resident guardian if he have one known to the plaintiff, and if he have none, then the person having control of such defendant, or with whom he resides, or by whom he is employed."

We hold that the proper procedure to challenge whether a person is of suitable age and discretion is an appropriate motion to the trial court for a determination of the question, and that the burden is on the moving party to overcome the facts as alleged in the sheriff's certificate of service. To hold otherwise would be to impose a difficult, if not impossible, burden upon the process server to determine close questions of suitable age and suitable discretion. Rule 4.03(a) is a rule of this court. If this court had intended to establish an absolute minimum age limitation, it could easily have accomplished that purpose by stating such an age limitation in the rule. Noninclusion of a minimum age in the rule is surely persuasive evidence that the question of suitable age and discretion was intended to be one of fact under the circumstances of each case.

In his motion to dismiss, contestee, in effect, challenged the statement in the sheriff's return that his daughter, Jean, was of suitable age and discretion. Contestee's affidavit and arguments cite no evidence to rebut the sheriff's certificate other than that the daughter is 13 years of age. Inasmuch as we reject the argument that a 13-year-old, as a matter of law, is not of suitable age and discretion, contestee has failed in his burden of proof. We hold that the trial court properly denied contestee's motion to dismiss on the ground of insufficiency of service of process on the contestee.

2. The remaining issues raised by contestee relate solely to election contests. Contestee cites § 209.02 which requires that the notice of an election contest in which an election irregularity is alleged shall be served upon the auditors of the affected counties within 7 days after the completion of the canvass of the votes. Contestee claims that § 209.02 further requires by implication that proof of such service upon the auditors must be filed with the district court within the 7-day period allowed for service.

Both parties agree that the county auditors were served within the 7-day period. The issue is solely whether the proof of that service has to be filed within the 7-day period in order to confer

jurisdiction on the court. In arguing this issue, contestee points out that we have frequently stated that, since election contests are purely statutory, the provisions of the statutes must be strictly complied with in order to give the court jurisdiction. Duryea v. Sibley, 76 Minn. 55, 78 N. W. 865 (1899); Odegard v. Lemire, 107 Minn. 315, 119 N. W. 1057 (1909); Franson v. Carlson, 272 Minn. 376, 137 N. W. 2d 835 (1965); Pearson v. Chmielewski, 289 Minn. 211, 183 N. W. 2d 566 (1971). Contestee cites our decisions in Franson v. Carlson, *supra,* and Pearson v. Chmielewski, *supra,* in particular as support for his argument that affidavits of service on the auditors must be filed within the 7-day period.[4] In Franson, we held that in order to obtain jurisdiction the contestant must not only file the written notice of contest within 10 days of the completion of the canvass, as then provided in § 209.02, subd. 3, but also must make service upon the contestee within the 10 days provided by the statute. The Franson case did not involve a question of proof of service. In Pearson, the sheriff had been unable to obtain service on the contestee within 10 days after the completion of the canvass of votes. We held that, pursuant to § 209.02, subd. 4, jurisdiction over the contestee could be obtained only by filing within the 10-day period (a) an affidavit by the official authorized to issue the certificate of election that he has sent by registered mail a copy of the notice of contest to the contestee at his last known address, and (b) an affidavit by the sheriff stating that he has been unable to make personal or substituted service upon the contestee. Because the affidavits were not filed within the 10-day period, we held that the court lacked jurisdiction over the contestee.

Contestee claims that, if the sheriff's affidavit of inability to make service on the contestee must be filed within the time pro-

---

[4] At the time both Franson v. Carlson, 272 Minn. 376, 137 N. W. 2d 835 (1965), and Pearson v. Chmielewski, 289 Minn. 211, 183 N. W. 2d 566 (1971), arose, the statutory time for filing and service in a contest arising from a general election was 10 days instead of the 7 days provided in the present statute. Minn. St. 1969, § 209.02.

vided for service on the contestee, then the affidavits of service upon the auditors should also be filed within the period provided for service on the auditors if the court is to have jurisdiction. Both the Franson and the Pearson decisions relate directly to questions of service upon the contestee himself and therefore are distinguishable from this case. We decline to extend the narrow interpretations of those cases to the circumstances of this case. We see no reason why the trial court should lose jurisdiction where the auditors were properly served within the statutory time period solely because the proof of service is not filed within the same time period. While a narrow interpretation of the statute may be necessary where service upon the contestee himself is involved, we reject such an interpretation in deciding this issue. We hold that the failure to file proof of service upon the auditors within the time period provided for service does not deprive the court of jurisdiction.

3. Finally, contestee argues that the notice of contest does not sufficiently specify the points upon which the contest is based. Section 209.02, subd. 2, provides, in part, as follows:

"The contestant shall file a written notice of contest specifying the points upon which the contest will be made with the clerk of the district court of the county in which the candidate whose election is contested resides * * *."

The notice of contest in this case reads in pertinent part as follows:

"Contestant contests the results so certified by the State Canvassing Board as erroneous because of irregularity and mistake in the counting, recording, and tabulation of the vote within the precincts and by the county auditors involved, and in the canvass of votes, and contends that in fact he and not contestee received the highest number of votes legally cast at said election for said office so that he and not contestee has been elected.

"This notice of contest questions only which of the parties received the highest number of votes legally cast at the election."

Contestee claims that this language is statutorily inadequate and cites for support Christenson v. Allen, 264 Minn. 395, 119 N. W. 2d 35 (1963). In that case, the notice of contest alleged as follows (264 Minn. 396, 119 N. W. 2d 37):

"Plaintiff has reason to believe that possible errors could have occurred in counting of ballots in said election for Senator of the 43rd Legislative District and the only question is as to which of the Parties in said Senatorial Contest received the highest number of votes legally cast at the election on November 6, 1962 and as to who is entitled to receive the Certificate of Election."

Regarding that pleading, we said (264 Minn. 399, 119 N. W. 2d 38):

"Addressing ourselves to the contestant's pleading in the light of the statutes, it is difficult indeed to characterize it as being more than a mere surmise that errors may have occurred in counting the ballots. * * *

"If we disregard the speculative nature of the notice and imply from it that contestant contended that a recount would result in his being declared the victor, we might say that he has specified, as a point upon which the contest will be made, a possible 'irregularity' in the counting of the votes. But, even then, it falls far short of alleging, directly or upon information and belief as required by the clear language of § 209.02, subd. 1, any grounds upon which the contest can be brought.

\* \* \* \* \*

"Much as we regret to decide any case on a question of pleading, we are constrained to hold that a notice of contest designed to limit the contest to a recount of the votes cast, which fails to allege any irregularities either in the conduct of the election or the canvass of votes, or any violation of the election law, by a plain statement showing that the contestant is entitled to a decree changing the declared result of the election, is a nullity and insufficient to invoke the jurisdiction of the court. It is to be

emphasized that we are not declaring what must be alleged but that what was alleged is insufficient."

While the language of the Christenson case certainly appears pertinent to this case, we believe that the result in Christenson has been altered by legislative action. In 1971, § 209.03, set forth in part earlier in this opinion, was amended to add the following language (L. 1971, c. 733, § 5) : "[When] the notice of contest questions only which of the parties to the contest received the highest number of votes legally cast at the election, the contestee need not file an answer." In amending the statute, we believe the legislature intended to make it clear that an election contest based upon an alleged irregularity in the conduct of an election or canvass of votes, which is limited only to the question of which party received the highest number of votes, is within the jurisdiction of the courts. Obviously, the most important consideration in an election contest is that the truth be ascertained and the will of the voters be given effect. Therefore, we hold that, where an election contest is based on irregularity in the conduct of an election or canvass of votes, a notice that questions only which party received the highest number of votes legally cast in the election is sufficient under the statutes to confer jurisdiction upon the court. Of course, it will be necessary for the contestant, as in all election contests, to comply with the appropriate provisions of c. 209.

For the foregoing reasons, the order of the trial court denying contestee's motion to dismiss the contest is affirmed, and the matter is remanded to the trial court.[5]

---

[5] Minn. St. 209.06, subd. 2, provides: "The party applying for the inspection shall file with the clerk of district court a bond in the sum of $250 if the contest be within a single county; otherwise the bond shall be in a sum to be fixed by the court in its discretion, with such sureties as shall be approved by the court, and conditioned that he will pay the costs and expenses of such in case he fails to maintain his contest. If the contestee succeeds, costs of the contest shall be taxed against the contestant. If the contestant succeeds, costs of the contest shall be taxed

TODD, JUSTICE (dissenting).

I dissent. I disagree with that portion of the majority opinion which holds that the affidavit by the sheriff alleging service upon a person of "suitable age and discretion" is prima facie valid. This case extends the rule of Temple v. Norris, 53 Minn. 286, 55 N. W. 133 (1893), by applying it to persons under 14 years of age,[1] and places the burden of proof upon the defendant to establish affirmatively that the person was not of suitable age and discretion.

The Temple case involved service upon a 14-year-old daughter of the defendent. Our court there pointed out that Minnesota law makes several distinctions as to rights and obligations of minors who have reached their fourteenth birthday. We give priority to the petition of such minors for the nomination of their own guardians,[2] we permit them to be made defendants in civil litigation without service upon their parents or guardians,[3] and we say they are capable of committing crimes.[4] In the Temple case we held that a person of the age of 14 was of suitable age and discretion. But, as the majority points out, nothing was said in that opinion about service upon persons under 14 years of age, which is the fact situation in the instant case. I am not prepared to hold that such service would be invalid. However, to place the burden of proof upon the defendant to negate the affidavit of the sheriff's return as to the fact of suitable age and discretion, in my opinion, is to extend our prior decisions to a conclusion neither required nor desirable.

---

against the contestee, except that if the contestee loses because of an error in the counting of ballots or canvass of the returns or by reason of any other irregularity in the election procedure, costs shall be taxed, in the discretion of the judge, upon those municipalities responsible for errors which resulted in the reversal of the prior results of the election."

[1] The daughter of defendant upon whom service was made was 13 years old.

[2] Minn. St. 525.541.

[3] Rule 4.03(a), Rules of Civil Procedure.

[4] Minn. St. 609.055.

In Kueffner v. Gottfried, 154 Minn. 70, 73, 191 N. W. 271, 272 (1922), we held that "[u]pon the issues presented, the sheriff's return was strong evidence in plaintiff's favor. To overcome its effect as prima facie evidence, the proofs must be 'clear and satisfactory.' " The issue presented in that case was whether or not service was made at defendant's place of usual abode. The evidence showed that the deputy sheriff who had executed the affidavit had relied on his personal knowledge of defendant's residence. The court further pointed out that this part of the return was entitled to less weight than the other parts.

In Murtha v. Olson, 221 Minn. 240, 21 N. W. 2d 607 (1946), our court again considered the effect of the sheriff's return of alleged service at the house of usual abode of defendant. In vacating a default judgment and invalidating the alleged service, we held (221 Minn. 246, 21 N. W. 2d 610) :

"The facts recited here distinguish this case from Kueffner v. Gottfried, 154 Minn. 70, 191 N. W. 271, *supra,* where the sheriff's affidavit directly affirmed that within his personal knowledge the place of service was defendant's house of usual abode. While it is true, as stated in the Kueffner case, that the sheriff's return is entitled to great weight, this rule is applicable only to those portions of the return which relate to facts within his personal knowledge. Other statements therein relating to a defendant's place of usual abode, made without direct knowledge of any kind on the part of the sheriff, have no greater weight than like statements of other witnesses based upon like foundations. In the face of the direct denials of defendant and his witnesses and the lack of other corroborating evidence, the sheriff's return was not conclusive on this point, and we hold that it was overcome by the affidavits and other testimony submitted by defendant on this issue."

Based on these decisions, I would hold that the party initiating the legal proceedings in question should bear the responsibility

of establishing the validity of the proceedings. I would further hold that service upon minors under the age of 14 is at the risk of the party making the service, and if the party allegedly served establishes that the minor is under 14 years of age, the other party should have the burden of proving that such person is of suitable age and discretion. Such a rule would reduce the problems of continuous litigation over this question. Under the majority opinion, service upon a person of tender years is prima facie valid and the party served is faced with the burden of proving otherwise. This puts the burden on the wrong party. If the burden on the process server of determining close questions of suitable age and discretion is difficult or impossible, as suggested by the majority opinion, so be it. However, since the process server is required to establish the fact of defendant's place of usual abode, I don't conceive that it would be an unduly difficult problem to ascertain the age of the person with whom the process is left. I would hold the party being served is entitled to this, and if service is made upon a minor under 14 years of age, the party allegedly served should not be burdened with affirmative evidentiary problems in the ensuing litigation.