Crystal Rose **VAN NOTE**, Respondent,

v.

**2007 PONTIAC, VIN
1G2ZH58N574139187,**
Appellant.

No. A09–2311.

Court of Appeals of Minnesota.

Aug. 17, 2010.

Crystal Van Note, Mankato, MN, pro se respondent.

Eileen Wells, Mankato City Attorney, Linda Boucher Hilligoss, Assistant City Attorney, Mankato, MN, for appellant.

Considered and decided by CONNOLLY, Presiding Judge; STONEBURNER, Judge; and SCHELLHAS, Judge.

## OPINION

SCHELLHAS, Judge.

In this vehicle-forfeiture case, the forfeiting agency argues that respondent's demand for judicial determination of forfeiture was untimely and that the district court erred by denying its motion to dismiss respondent-owner's demand. We reverse and remand.

## FACTS

On May 16, 2009, a Mankato police officer arrested Jason Messner for second-degree DWI while he was driving the subject vehicle, a 2007 Pontiac G6, which belonged to his girlfriend, respondent Crystal Van Note. Messner pleaded guilty to the charge on or about August 11.

On the day of Messner's arrest, the officer sent a copy of the notice of seizure and intent to forfeit the vehicle by certified mail to respondent at her street address in Mankato, which the officer confirmed with respondent over the phone.

The certified letter was returned to the officer by the post office on June 11, reflecting three failed delivery attempts. That same day, the officer went to respondent's address in an effort to personally serve the notice. Respondent was not home, so the officer left the notice with Tami Schulz, whom the officer described in his testimony as respondent's roommate. Schulz told the officer that she would give the notice to respondent when respondent got home. Respondent testified that she "got served sometime in the middle of June" and that her "friend gave [her the] papers." The notice stated that "[f]orfeiture of the property is automatic unless within 30 days of receipt of this form you demand a judicial determination," and that if respondent failed to demand judicial review "exactly as prescribed in Minnesota Statutes," she would lose the right to a judicial determination and any right to the seized property.

On September 14, respondent served and filed a demand for judicial determination of the forfeiture. The City of Mankato moved for summary judgment, arguing that respondent's demand should be dismissed as untimely. The district court denied the motion, conducted a court trial on November 25, and again denied the city's motion to dismiss respondent's demand as untimely. The court reasoned that the city had not established that Schulz was a person "of suitable age and discretion then residing" in respondent's home when the officer left the notice with her, noting that the officer had not explained how he reached the conclusion that Schulz was respondent's roommate, and that there was no evidence as to Schulz's address or age. The court further concluded that the city had not proved effective service of the notice, that the limitations period for filing the demand for judicial determination therefore had not begun to run, and that respon-

dent's demand was therefore timely. The district court also concluded that respondent was an "innocent owner" within the meaning of Minn.Stat. § 169A.63, subd. 7(d) (2008), and ordered the vehicle returned to respondent.

This appeal follows.

## ISSUES

I. Did the forfeiting agency's notice by certified mail constitute effective service that commenced the running of the limitations period for filing a demand for judicial determination, even though the certified letter was returned unclaimed?

II. Did the forfeiting agency's delivery of the notice to respondent's roommate constitute effective substitute service that commenced the running of the limitations period?

III. Did respondent timely file her demand for judicial determination?

## ANALYSIS

Minnesota's DWI vehicle-forfeiture law provides that a motor vehicle is subject to forfeiture if it is used in the commission of, among other offenses, second-degree DWI. Minn.Stat. § 169A.63, subds. 1(e)(1), 6(a) (2008). The vehicle is presumed subject to forfeiture if the driver is convicted of the offense on which the forfeiture is based. *Id.*, subd. 7(a)(1) (2008). But the vehicle is not subject to forfeiture "if its owner can demonstrate by clear and convincing evidence that the owner did not have actual or constructive knowledge that the vehicle would be used or operated in any manner contrary to law or that the owner took reasonable steps to prevent use of the vehicle by the offender." *Id.*, subd. 7(d).

A law-enforcement agency may seize a forfeitable vehicle incident to a lawful arrest. *Id.*, subds. 1(b), 2(b)(1) (2008). Within a reasonable time thereafter, the agency must serve the owner of the vehicle with a notice of the seizure and the agency's intent to forfeit the vehicle. *Id.*, subd. 8(b). "Notice mailed by certified mail to the address shown in Department of Public Safety records is sufficient notice to the registered owner of the vehicle." *Id.* "Otherwise, notice may be given in the manner provided by law for service of a summons in a civil action." *Id.*

Minnesota Statutes provide that a demand for judicial determination must be filed "within 30 days following service of a notice of seizure and forfeiture." Minn. Stat. § 169A.63, subd. 8(d) (2008). "The demand must be in the form of a civil complaint and must be filed with the court administrator in the county in which the seizure occurred, together with proof of service" on the prosecuting authority and the forfeiting agency. *Id.* "Pleadings, filings, and methods of service are governed by the Rules of Civil Procedure," as are all proceedings that follow in court. *Id.*, subds. 8(d), 9(a) (2008).

■ The city challenges the district court's conclusion that the officer did not properly serve the notice of seizure and intent to forfeit on appellant, arguing that the officer properly served the notice on respondent not once, but twice, and that respondent's demand for judicial determination was untimely because it was filed more than 30 days after both services. The sufficiency of notice and service of process are questions of law, which this court reviews de novo. *Turek v. A.S.P. of Moorhead, Inc.*, 618 N.W.2d 609, 611 (Minn.App.2000), *review denied* (Minn. Jan. 26, 2001); *Resolution Revoking License No. 000337 West Side Pawn*, 587 N.W.2d 521, 522 (Minn.App.1998), *review denied* (Minn. Mar. 30, 1999). "But in conducting this review, we must apply the facts as found by the district court unless those factual findings are clearly errone-

ous." *Shamrock Dev., Inc. v. Smith,* 754 N.W.2d 377, 382 (Minn.2008) (citing Minn. R. Civ. P. 52.01). "Findings of fact are clearly erroneous only if the reviewing court is left with the definite and firm conviction that a mistake has been made." *Fletcher v. St. Paul Pioneer Press,* 589 N.W.2d 96, 101 (Minn.1999) (quotation omitted).

## I. Certified Mailing of Forfeiture Notice

■ The city first argues that under Minn.Stat. § 169A.63, subd. 8(b), the forfeiting agency's service of the notice was effective when the officer sent it by certified mail, even though the certified letter was returned unclaimed by the post office. But the city overlooks the recent United States Supreme Court decision of *Jones v. Flowers,* 547 U.S. 220, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006), which suggests a contrary conclusion. In *Jones,* the Arkansas Commissioner of State Lands sent a certified letter to Jones, a homeowner, at the property address to notify him that the property had been certified as delinquent because of unpaid property taxes and would be subject to sale in two years, unless he redeemed. 547 U.S. at 223–24, 126 S.Ct. at 1712. The post office returned the letter to the commissioner marked "unclaimed." *Id.* at 224, 126 S.Ct. at 1712. After the tax sale was completed and the purchaser attempted to evict Jones's tenants from the house, Jones filed a lawsuit challenging the tax sale on the ground that the commissioner's failure to provide notice resulted in the taking of his property without due process. *Id.* at 224, 126 S.Ct. at 1713. The Supreme Court ruled in favor of Jones, holding that to satisfy due process, "when mailed notice of a tax sale is returned unclaimed, the State must take additional reasonable steps to attempt to provide notice to the property owner before selling his property, if it is

practicable to do so." *Id.* at 225, 126 S.Ct. at 1713.

Although the case before this court involves a notice of forfeiture, not a tax sale, we see no reason why we should not apply the holding in *Jones.* Both cases involve the adequacy of notice to a property owner before the state may take the property, and like the certified letter in *Jones,* the certified letter in this case was returned unclaimed. We conclude that the mere mailing of the certified letter was not sufficient to notify respondent of the seizure and intent to forfeit her property because the letter was returned unclaimed, and the officer was required to take additional reasonable steps to attempt to provide notice to respondent, if practicable to do so.

## II. Substitute Service of Forfeiture Notice

■ We next consider whether the forfeiting agency's second attempt at service, by the officer's leaving the notice with Schulz at respondent's address, constituted the requisite "additional reasonable steps to attempt to provide notice" to respondent. *See id.* To satisfy due process, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 226, 126 S.Ct. at 1713–14 (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)) (quotation marks omitted). Minnesota's forfeiture statute additionally requires that if notice is not effected by certified mail, "notice may be given in the manner provided by law for service of a summons in a civil action." Minn.Stat. § 169A.63, subd. 8(b).

The Minnesota Rules of Civil Procedure allow service of process to be effected "by

leaving a copy at the individual's usual place of abode with some person of suitable age and discretion then residing therein." Minn. R. Civ. P. 4.03(a). Absent evidence to the contrary, a person is presumed to be "as well informed, and as capable" as an ordinary individual of the same age, and a "person who has attained the age of 14 is ... of suitable age and discretion." *Temple v. Norris*, 53 Minn. 286, 288–89, 55 N.W. 133, 134 (1893) (interpreting predecessor statute to Minn. R. Civ. P. 4.03(a)); *see also Holmen v. Miller*, 296 Minn. 99, 104–05, 206 N.W.2d 916, 919–20 (1973) (holding mere fact that individual with whom document was left was only 13 years old insufficient to rebut server's statement that she was of suitable age and discretion); *Peterson v. W. Davis & Sons*, 216 Minn. 60, 66, 11 N.W.2d 800, 804 (1943) (holding individual may be of suitable discretion even if she did not understand import of papers left with her and was not advised to deliver them to intended recipient).

In this case, the district court concluded that service was ineffective because the city had not established that Schulz was a "person of suitable age and discretion then residing" in respondent's home. The district court stated:

> At the trial, [the officer] identified the person as a Ms. Schulz and he called her [respondent's] "roommate." However, [the officer] did not provide any details or substantive information as to how he had reached the conclusion that Ms. Schulz was [respondent's] roommate. He offered no explicit testimony as to her residential address. He did not provide any details as to her age. He filed no sworn affidavit of personal service. [Respondent] did acknowledge receiving the document from her "friend," thus not explicitly referring to her as a roommate. Therefore, the Court cannot determine whether Ms. Schulz was a person "of suitable age and discretion then residing therein" as called for by Rule of Civil Procedure [4.03(a) ].

■ The district court's analysis misapplies the burden of proof for the adequacy of service of process. "Once the [serving party] submits evidence of service, a [party] who challenges the sufficiency of service of process has the burden of showing that the service was improper." *Shamrock Dev.*, 754 N.W.2d at 384. Here, the city submitted evidence of the sufficiency of service in the form of the officer's testimony that he left the notice with respondent's "roommate," coupled with evidence in the record that she was born in 1982. The burden then shifted to respondent to show that the service was improper. But respondent offered no contrary evidence; her testimony that she "got served sometime in the middle of June" and that her "friend gave [her the] papers" is consistent with the officer's testimony. And the evidence in the record that Schulz was born in 1982 suggests that she was a person of suitable age and discretion, absent any evidence to the contrary. In light of Schulz's age and the officer's undisputed testimony that Schulz was respondent's roommate, the district court's finding that it could not determine whether Schulz was a person of suitable age and discretion then residing in respondent's home was clearly erroneous, and the district court erred by putting the burden of proof on the city to present additional evidence on this point. In short, the district court erred by concluding that the officer's substitute service upon Schulz did not constitute effective service on respondent.

■ Moreover, in substitute-service cases, substantial compliance with rule 4 is sufficient to effect service of process where the intended recipient has actual notice. *O'Sell v. Peterson*, 595 N.W.2d 870, 872

(Minn.App.1999) (citing *Thiele v. Stich,* 425 N.W.2d 580, 584 (Minn.1988)); *see also Larson v. Hendrickson,* 394 N.W.2d 524, 526 (Minn.App.1986) ("When actual notice of the action has been received by the intended recipient, the rules governing such service should be liberally construed." (quotation omitted)). Here, the officer substantially complied with the requirements of rule 4.03(a) when on June 11, 2009, he left the notice at respondent's home with an individual who told the officer that she would give the notice to respondent when she got home. And respondent admitted that she received the notice, testifying that she "got served sometime in the middle of June" and that her "friend gave [her the] papers." We conclude that this combination of actual notice and substantial compliance was sufficient to effect service of the notice upon respondent.

### III. Timeliness of Filing Demand for Judicial Determination

Respondent was required to file her demand for judicial determination within 30 days following service of the notice of seizure and forfeiture. *See* Minn.Stat. § 169A.63, subd. 8(d). Because respondent was served with the notice on June 11, 2009, her filing deadline was Monday, July 13, 2009. Respondent did not file her demand for judicial determination until September 14, 2009—95 days after she was served with the notice. Respondent's filing of her demand therefore was untimely.

### DECISION

Respondent did not timely file her demand for judicial determination of forfeiture, and the district court erred by denying the city's motion to dismiss. We therefore reverse and remand for further proceedings consistent with this opinion.

**Reversed and remanded.**